The CITY OF HOUSTON, Appellant,

v.

Brenda Kaye RUSHING and Patricia Richardson, Individually and as Personal Representative of the Estate of Michael David Richardson, Deceased, Appellees.

No. 01–98–00770–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 8, 2001.

Rehearing Overruled March 15, 2001.

Andrea Chan, Houston, for Appellant.

Ross A. Sears, Jimmy G. Williamson, Houston, for Appellee.

Original panel consisted of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

## DISSENTING OPINION TO THE EN BANC OPINION

WILSON, Justice.

I withdraw my dissenting opinion of February 1, 2001, and issue this dissenting opinion in its stead.

The majority determines the trial court had no jurisdiction to hear the lawsuit of Brenda Kaye Rushing and Patricia Richardson based on its consideration of the City of Houston's plea to the jurisdiction. Although the Texas Tort Claims Act waives the City's immunity from suit for personal injury or death caused by "special defects," such as obstructions on roadways, the majority concludes that, "they (the facts of similar cases) are uniform in holding that a vehicle that is *temporarily* located on a public street is not a premises or special defect under the Texas Tort Claims Act." (Emphasis added.)

I do not understand how the majority reaches its conclusion, drawn from the pleadings alone, that the Guevarra pick-up was only temporarily stalled on Memorial Drive the night of the accident. Under the standard of review articulated by the majority and the cases cited thereunder, we must construe the pleadings in favor of the plaintiff and look to the plaintiff's intent. Because I believe the trial court correctly applied the law to the pleadings in determining jurisdiction in this case, I most respectfully dissent.

The plaintiffs' pleadings noted in the majority's opinion make no reference to the period of time that elapsed between the time of the Guevarra accident and the Rushing–Richardson accident. The trial judge could easily have inferred from the pleadings, construing them in favor of the plaintiffs and giving deference to the plaintiffs' intent, that some period of time [1] had

1. Whether the period of time that elapsed between the two accidents was sufficient to allow officers already on the scene to take reasonable action to warn oncoming motorists could become the fundamental issue that a jury might answer in determining the material facts of this case. The majority here could only have reached its result by determining that whatever the time period was, it was insufficient as a matter of law to impose liability on the City, or by believing that a stalled private car can never be a source of liability.

elapsed. One officer had time to cross Memorial Drive from the Police Memorial to near the scene and a second officer or officers had arrived before the Richardson vehicle came upon the obstructed roadway. Further, I find no special exceptions in the record bringing to the trial court's attention any failure on the part of the plaintiffs to specifically plead any facts relative to the period of time that elapsed between the two accidents.

By stating a car that is only temporarily stalled on a public roadway is not a special defect under the Texas Tort Claims Act, the majority, by implication, suggests a car that is stalled and left for longer than a temporary period may be a source of liability. What then is a temporary period of time? How much time must elapse before a governmental unit could be potentially responsible for an obstruction created by a stalled and/or wrecked private vehicle crossing active lanes of traffic? If a stalled private car can ever be a source of liability to the government, what is an adequate time to know and to act will be a fundamental factual inquiry. Obviously, determining this as a matter of law will be possible in only the most extreme cases, when the period of time is so short that no official reaction to the obstruction is possible.

When a lawsuit is barred by governmental immunity, dismissal with prejudice for want of jurisdiction is proper. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied). "In deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition." *Id.* Our task is not to determine whether the plaintiffs will ultimately win or lose, but instead to examine the petition, to take as true the facts pleaded, and to determine whether those facts support jurisdiction in the trial court. The allegations in the pleadings are to be construed in favor of the plaintiffs. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

Under the common-law doctrine of governmental immunity, the state and its political subdivisions may not be sued without consent. *State v. Terrell*, 588 S.W.2d 784, 785 (Tex.1979); *Board of Land Comm'rs v. Walling*, Dallam 524, 525–26, (Tex.1843); *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 592 (Tex.App.—Austin 1991, writ denied). Although few courts recognize the distinction, governmental immunity takes two basic forms. First, the state is *immune from suit* regardless of the state's liability. *Federal Sign v. Texas So. Univ.*, 951 S.W.2d 401, 405 (Tex.1997); *Dillard*, 806 S.W.2d at 592. Second, the state also has *immunity from liability* even though the state has consented to be sued. *Federal Sign*, 951 S.W.2d at 405; *Dillard*, 806 S.W.2d at 592. "*Immunity from suit* bars a suit against the State unless the State expressly gives it consent to the suit," while "*[i]mmunity from liability* protects the State from judgments even if the Legislature has expressly given consent to the suit." *Federal Sign*, 951 S.W.2d at 405.

The City of Houston, as a home-rule municipality, is generally immune from both suit and liability in its governmental functions. *See Dillard*, 806 S.W.2d at 593–94, nn. 4–5. In the Texas Tort Claims Act, the Legislature has waived governmental immunity from liability for tort causes of action in two specific areas: (1) injury caused by a governmental employee's use of a motor-driven vehicle, Tex.Civ.Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1997), and (2) injury caused by a condition or use of tangible personal or real property, including premise defects, Tex.Civ.Prac. & Rem.Code Ann. §§ 101.021(2), .022 (Vernon 1997). The Act specifically provides that a municipality may be held liable for certain governmental functions, including "police and fire protection and control." Tex.Civ. Prac. & Rem.Code Ann. § 101.0215(1) (Vernon Supp.2000). However, to hold a municipality liable pursuant to section 101.0215, that liability must still arise out of one of the specific areas of waiver listed

above. *McKinney v. City of Gainesville*, 814 S.W.2d 862, 865 (Tex.App.—Fort Worth 1991, no writ). The Act then waives governmental immunity from suit to the extent the Act waives governmental immunity from liability. TEX.CIV.PRAC. & REM.CODE ANN. § 101.025 (Vernon 1997). Thus, the issue this Court must decide is whether the plaintiffs' pleadings state a cause of action falling within one of the areas in which the Legislature has waived the City's governmental immunity from suit.

The plaintiffs' main contention in this case is that the accident was caused by a condition of real property, *i.e.*, the stalled truck on the road, that was a premises or special defect. Whether a condition is a premises or special defect is a question of law. *State Dept. of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex.1992). A condition is a "special defect" only if it is an excavation, obstruction, or some other condition that presents "an unexpected and unusual danger to ordinary users of roadways." *State Dept. of Highways v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993); *see also Harris County v. Smoker*, 934 S.W.2d 714, 718–19 (Tex. App.—Houston [1st Dist.] 1996, writ denied). A "premises defect" is a defect or dangerous condition arising from a condition on the premises. *University of Tex. Medical Branch v. Davidson*, 882 S.W.2d 83, 85 (Tex.App.—Houston [1st Dist.] 1994, no writ).

The majority makes the following statement in its opinion:

The parties have cited no cases in which a car temporarily stalled on a public street was held to be either a premises or special defect. In fact, a brief survey of premises/special defect cases shows that cases involving vehicles on public streets are *usually not* premises or special defects.

(Emphasis added.)

After analyzing four "car" cases, the majority concludes as follows:

While we recognize that the facts of many of these cases are distinguishable, we find that they are uniform in holding that a vehicle that is temporarily located on a public street is not a premises or special defect under the Texas Tort Claims Act. .... The stalled pickup truck in this case was temporarily stranded in the roadway as the result of an accident. While accidents are unfortunate, they are not "an unexpected and unusual danger to ordinary users of roadways." *Kitchen*, 867 S.W.2d at 786. Neither are they a defect or dangerous condition of the roadway. Therefore, we hold that a vehicle that is temporarily[2] stalled in a roadway as the result of an accident is not a premises or special defect.

I do not believe the four cases suggest the result reached by the majority. First in the Supreme Court case of *State v. Burris*, 877 S.W.2d 298 (Tex.1994), the majority accurately quotes the applicable language: "[a] fully operational motor vehicle, making an illegal movement or momentarily stopped on a highway, is neither a defect in the highway premises nor an excavation or obstruction or similar condition." *Id.* at 299.

In the case before us, the vehicle was not operational, was not moving, nor had it been "momentarily" stopped.

*Wenzel v. City of New Braunfels*, 852 S.W.2d 97, 98 (Tex.App.—Austin 1993, no writ), is a pedestrian-automobile case in which something other than a motor vehicle was claimed to be a special defect. The statement relied upon by the majority is dicta and of the four cases cited by the *Wenzel* court to support the statement,

---

**2.** I do not find the word temporary in any of the cited cases, and the majority does not define it.

only one involves an automobile and is discussed immediately below.

The holding in *Palmer v. City of Benbrook*, 607 S.W.2d 295, 300 (Tex.App.— Fort Worth 1980, writ ref'd n.r.e.), is that a legally parked car in a narrow passageway is a hazard normally connected with the use of the roadway. Further, the court said that it found no case when a discretionary action of the government (that is deciding where cars could park) would create a special defect. *Id.* This case before us does not involve legally parked cars or discretionary acts of the government.

*Jackson v. City of Corpus Christi*, 484 S.W.2d 806, 807–08 (Tex.App.—Corpus Christi 1972, pet. ref'd n.r.e.), was not pled on the theory of special defect, and to the extent pleadings were amended to suggest some type of obstruction, the pleading was under a different theory of law. The court never addressed what an obstruction was within the meaning of special defect.

In *Kitchen* the subject of the special defect was an icy bridge. The Supreme Court held the bridge was a premises defect and not a special defect because, "Unlike an excavation or obstruction, an icy bridge is something motorists can and should anticipate when the weather is conducive to such a condition." *Kitchen*, 867 S.W.2d at 786.

Because I cannot hold that the operator of a motorcycle can and should anticipate an inoperative truck across the active lanes of a roadway he is traveling, I dissent. Motorists cannot be expected to slow to a crawl before every blind hilltop and turn.

I acknowledge I find no published opinions in which a nonoperational vehicle lo-

cated on a public street has been held to be either a premises or special defect. However, under the facts presented, I would hold the pickup truck constituted an unexpected and unusual danger to ordinary users of roadways and as such, was a special defect within the meaning of the Texas Torts Claim Act.[3] The trial court was, therefore, correct in denying the City's plea to the jurisdiction because the plaintiffs' pleadings support a waiver of the City's governmental immunity from suit.

I would overrule the point of error directed at the plea to the jurisdiction.

A majority of the Court voted for en banc consideration.

Justices COHEN, O'CONNOR, HEDGES, TAFT, and NUCHIA joined the en banc opinion.

Justice WILSON joined by Justices MIRABAL and ANDELL [4] dissenting.

Justice MIRABAL dissented in a separate opinion.

---

3. By holding that the stalled pickup truck was not a special defect, the majority is: (1) imposing a duty on drivers to anticipate that there could be an inoperative vehicle located across the active lanes of any road and (2) immunizing the state from any liability for that dangerous condition, regardless of the state's knowledge and/or reaction concerning it. I believe it was the intent of the Legislature in enacting the Texas Tort Claims Act to encourage the state to as promptly as possible remedy such dangerous conditions by exposing the state to suit and money damages for its potentially tortious actions.

4. The Honorable Eric Andell, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.