**Faye SYKES, Individually, and as Next Friend of Trenard Battle, Appellant,**

v.

**HARRIS COUNTY and Carl Borchers, Appellees.**

**No. 01–00–01162–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 12, 2002.

Okon J. Usoro, Okon J. Usoro, P.C., Houston, for Appellant.

Michael A. Stafford, Harris County Attorney, Michael R. Hull, Assistant County Attorney, Houston, for Appellees.

_____

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Panel consists of Justices MIRABAL, TAFT, and SMITH.*

## OPINION

JACKSON B. SMITH, JR., Justice (Retired).

Faye Sykes, individually, and as next friend of Trenard Battle appeals the trial court's orders granting Harris County's plea to the jurisdiction and Carl Borchers's motion for summary judgment. We affirm, as reformed, in part and reverse and remand, in part.

### Facts

George Sykes was incarcerated in the Harris County jail on September 3, 1997. In this lawsuit, Sykes alleged: (1) he was assigned a bed near another inmate, known as "Little Black Pettit;" (2) Pettit was infected with tuberculosis; (3) Sykes was forced to sleep next to Pettit; (4) while still in jail, Sykes was tested for tuberculosis, and the test results showed that he had been exposed to tuberculosis; and (5) upon his release, Sykes developed pulmonary problems for which he was hospitalized, and later died on October 27, 1999.[1]

### Procedural History

On September 2, 1999, Sykes and his wife, Faye, filed their original petition against Harris County that alleged it was negligent for failing to quarantine Pettit and for forcing Sykes to sleep next to Pettit. Harris County filed a general denial, asserted the affirmative defense of sovereign immunity, and pleaded exemptions and exceptions from, and limitations on,

1. Sykes's death certificate indicates that he died from "complications of pulmonary fibrosis."

liability as contained in the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). On November 12, 1999, Faye Sykes filed a suggestion of death informing the trial court that her husband was deceased.[2] The original petition was amended to include Faye Sykes, in her capacity as the representative of the Estate of George Sykes and as next friend of Trenard Battle, their minor son.[3]

Harris County subsequently filed a plea to the jurisdiction arguing that, because the plaintiff's petition did not allege that Sykes's injury was caused by a condition or use of tangible property or real property, Harris County had not waived sovereign immunity and the trial court lacked jurisdiction over the case. The plaintiff, in her response to the plea, argued that (1) the plea should be denied because Harris County did not specially except to the original petition and because the trial court's deadline to amend the pleadings had not passed, and (2) the original petition had, in fact, raised a claim under section 101.021(2) because the words "housed," "room," and "sleeping space" constituted a use of tangible property which caused Sykes's injuries. The plaintiff then filed a first amended petition, adding Borchers, an employee of the Harris County Jail, as a defendant in his official and individual capacities and asserting that all claims were specifically brought under the TTCA. Borchers filed a general denial, asserted the affirmative defense of official immunity, and claimed exemptions,

exceptions and limitations on liability as found in the TTCA.

The trial court granted Harris County's plea to the jurisdiction. Borchers then filed a motion for summary judgment asserting derivative immunity under section 101.106 of the TTCA. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 1997). The trial court granted Borchers's motion.

### Plea to the Jurisdiction

#### Special Exceptions

■ In point of error one, the plaintiff argues Harris County was required to file special exceptions to the petition before filing its plea to the jurisdiction.

■ A party should file special exceptions if the petition is susceptible to an amendment that would show jurisdiction exists. *Godley Indep. Sch. Dist. v. Woods,* 21 S.W.3d 656, 657 (Tex. App.-Waco 2000, pet. denied). However, if a party believes that, the opposing party's petition cannot be amended to allege jurisdiction, the party may file a plea to the jurisdiction. *Id.*[4] Harris County did not file special exceptions to the petition before it filed its plea to the jurisdiction, but argues that it was not required to do so because the jurisdictional defect was apparent from the face of the pleading. However, because the plaintiff amended her pleading after the plea to the jurisdiction was filed and before the trial court ruled on the plea, she was not harmed. Furthermore, we have already concluded that the trial court's order was based on the amended petition.

We overrule point of error one.

---

**2.** She filed a motion to have her husband's estate substituted in, but the trial court never ruled on the motion.

**3.** We will refer to Faye Sykes in her various capacities simply as "the plaintiff."

**4.** The plaintiff cites *Texas Youth Comm'n v. Givens,* 925 S.W.2d 760 (Tex.App.-Austin 1996, no writ), for the proposition that Harris County should have filed special exceptions to the petition before filing a plea to the jurisdiction. *Givens* did not address pleas to the jurisdiction and does not support her argument.

## Tangible Real or Personal Property

In point of error two, the plaintiff argues the trial court erred in granting Harris County's plea to the jurisdiction because her petition included allegations that Sykes's injuries resulted from the use of tangible real or personal property.

As a threshold issue, the plaintiff argues that she timely amended her petition, and the amendments should be considered when determining whether the order granting the plea was proper. We agree. The record shows that, on April 28, 2000, after Harris County filed its plea to the jurisdiction, the plaintiff amended her pleadings. On May 4, Harris County filed its reply; and, on May 23, the trial court granted Harris County's plea. Therefore, we will consider the amended petition in determining whether the trial court erred in granting the plea to the jurisdiction.[5]

■■■ A plea to the jurisdiction is appropriate whenever a governmental unit believes that the trial court lacks subject-matter jurisdiction. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). When deciding whether to grant a plea to the jurisdiction, the trial court must look to the allegations in the petition. *Harris County v. Proler*, 29 S.W.3d 646, 647 (Tex. App.-Houston [14th Dist.] 2000, no pet.). A plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *City of Houston v. Rushing*, 39 S.W.3d 685, 686 (Tex.App.-Houston [1st Dist.] 2001, pet. denied).[6] Whether a trial court has subject-matter jurisdiction is a question of law and is reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

■■■ To recover under the TTCA, a party must plead and prove an exception to governmental immunity. *Loyd v. ECO Res., Inc.*, 956 S.W.2d 110, 123 (Tex.App.-Houston [14th Dist.] 1997, no pet.). The TTCA provides, in part, that a governmental unit is liable for personal injury and death, so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997).

■■■ The allegations of the amended petition include language that tracks section 101.021(2) of the TTCA and assert that sovereign immunity is waived under the statute. For purposes of determining subject matter jurisdiction, however, the mere pleading of a waiver of sovereign immunity does not constitute a waiver. *Lamar Univ. v. Doe*, 971 S.W.2d 191, 195 (Tex.App.-Beaumont 1998, no pet.). The plaintiff also contends that the specific allegations of negligence[7] are sufficient to

---

5. Harris County, in its brief, addressed the allegations contained in the amended petition and does not argue that we should consider only the original petition in determining whether the plea to the jurisdiction was proper.

6. Harris County argues that, because it presented an autopsy report which showed George Sykes did not die from tuberculosis; therefore, it could not have waived sovereign immunity under the TTCA. We disagree. The amended petition stated Sykes's exposure to tuberculosis caused his injuries. Because we treat the pleadings as true for the purpose of determining whether the trial court had jurisdiction, evidence which showed Sykes did not have tuberculosis was irrelevant at that stage of the proceeding. *See Rushing*, 39 S.W.3d at 686.

7. The plaintiff point to three specific allegations. These are: (1) "failure to ensure that inmate Pettit was housed in an area that

show Harris County "used" tangible property for the purposes of the TTCA.[8] The plaintiff specifically contends that the words "housed," "room," and "sleeping space" connote a use of tangible personal or real property which caused Sykes's injury and eventual death. According to the plaintiff, the injuries to Sykes were caused when Harris County "applied the inmate's room for the purpose of sleeping for George Sykes, and used the jail cell to cause injuries to Sykes." We disagree.

When considering the use of property under the TTCA, the Texas Supreme Court has explained that: "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998); *see also Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 719–20 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

In *Bossley*, the plaintiff alleged that hospital personnel left a door unlocked, a patient escaped through the unlocked door, and the patient threw himself in front of an oncoming truck as he was about to be apprehended, killing himself. 968 S.W.2d at 343. The court held that, based on these allegations, the State had not waived its immunity. *Id.* The court stated that, "although [the patient's] escape through the unlocked doors was part of a sequence of events that ended in his suicide, the use and condition of the doors were too attenuated from [the patient's] death to be said to have caused it." *Id.*

Similarly, in *Scott*, the plaintiffs alleged a waiver of immunity under the TTCA where state money was used to rent a motel room or school dormitory room in which the plaintiffs were sexually propositioned or assaulted. 7 S.W.3d at 718. We held that, "although they did provide the unfortunate backdrop for their assaults," the money and room did not cause the plaintiffs' injuries, and, therefore, the petition did not present a claim in which immunity from suit was waived. *Id.* at 721.

Here, the plaintiff's amended petition alleges only that Sykes was held in the same room as Pettit and was assigned a bed next to Pettit. We conclude that any effect that the room's walls and Sykes's bed had on Sykes's alleged exposure to tuberculosis is too attenuated to constitute a waiver of immunity under the TTCA. *See Bossley*, 968 S.W.2d at 343. Because the plaintiff's amended petition did not affirmatively plead sufficient facts to confer jurisdiction on the trial court, we hold the trial court did not err in granting Harris County's plea to the jurisdiction.

■ When a plea to the jurisdiction of a court is sustained, the trial court should dismiss the suit without prejudice. *Bell v. State Dep't of Highways and Pub. Transp.*, 945 S.W.2d 292, 295 (Tex.App.-Houston [1st Dist.] 1997, writ denied). Accordingly, we hold that the trial court erred in dismissing the plaintiff's claims with prejudice. The trial court's judgment is therefore reformed to remove the words "with prejudice," and we substitute the words "without prejudice." As reformed,

---

would not render other inmates exposed to tuberculosis"; (2) "failure to ensure that inmate Pettit was housed in a room not within the immediate vicinity of Plaintiff George [Sykes]"; and (3) "providing a sleeping space for Plaintiff George [Sykes] next to an inmate exposed to tuberculosis, with knowledge of that exposure. . . ."

8. The term "use" for the purpose of the TTCA is defined as to put or bring into action or service, or to employ for or apply to given purpose. *Borrego v. City of El Paso*, 964 S.W.2d 954, 957 (Tex.App.-El Paso 1998, pet. denied).

the order granting Harris County's plea to the jurisdiction is affirmed.

We overrule point of error two.

## Summary Judgment

### Standard of Review

 To prevail on a Rule 166a(c) motion for summary judgment, a defendant must establish that no material fact issue exists and that she is entitled to judgment as a matter of law. Tex.R. Civ. P. 1661(c); *Fleener v. Williams*, 62 S.W.3d 284, 286 (Tex.App.-Houston [1st Dist.] 2001, no pet.). A defendant who moves for summary judgment on the basis of an affirmative defense has the burden to prove conclusively all the elements of the affirmative defense as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Fleener*, 62 S.W.3d at 286. In conducting our review of the summary judgment, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *Fleener*, 62 S.W.3d at 286.

### Immunity

In point of error four, the plaintiff argues that the trial court erred in granting Borchers's motion for summary judgment. Specifically, she argues that, because the dismissal of claims against Harris County does not constitute a "judgment" under section 101.106 of the TTCA, Borchers is not entitled to derivative immunity under that section. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 1997).

 Section 101.106 of the TTCA provides that: "a judgment in an action or a settlement of a claim under the TTCA bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." TEX. CIV.

PRAC. & REM.CODE ANN. § 101.106. The section bars the rendition of judgment against an employee subsequent to, or concurrent with, a rendition of judgment as to the governmental employer. *Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex.1995). A prior judgment in an action against the governmental employer bars continuation of an action against the employee that has not yet proceeded to judgment. *Id.*

 Here, the trial court granted Harris County's plea to the jurisdiction, thereby dismissing Harris County from the suit. The trial court then severed the plaintiff's claims against Harris County from the remaining claims against Borchers. A dismissal for want of jurisdiction is not a judgment on the merits of the cause of action. *See Bell*, 945 S.W.2d at 295. Section 101.106 does not provide Borchers with immunity because there was no judgment or settlement of claims as to Harris County.

Harris County and Borchers argue that, because the plaintiff's claims against Harris County were dismissed with prejudice, the trial court's order granting the plea to the jurisdiction constitutes a "judgment" under section 101.106. We have concluded that the trial court's dismissal of the plaintiff's claims with prejudice was improper, and have reformed the order to reflect a dismissal without prejudice. Therefore, at the time the trial court granted Borchers's motion for summary judgment, Borchers was not entitled to derivative immunity under section 101.106 because there was no judgment on the merits. We hold the trial court's order granting Borchers's motion for summary judgment was improper.

We sustain point of error four.

In point of error five, the plaintiff argues that, (1) when the trial court granted Borchers's summary judgment, it failed to distinguish between Borchers's individual

and official capacities, and (2) derivative immunity does not apply to claims brought against Borchers in his individual capacity.

*Suit Against Borchers in Official Capacity—Sovereign Immunity*

A plaintiff may sue a state employee in his or her official capacity, individual capacity, or both. *Denson v. T.D.C.J.–I.D.*, 63 S.W.3d 454, 460 (Tex. App.-Tyler 1999, pet. denied). Because a suit against a state officer in his official capacity is equivalent to a suit against the state, employees acting in their official capacity share their employer's sovereign immunity. *Id.; see also Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 775 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (holding employee sued in her official capacity was shielded by sovereign immunity).

*Suit Against Borchers in his Individual Capacity—Official Immunity*

The plaintiff also asserted claims against Borchers in his individual capacity. Claims against government employees in their individual capacities are separate and distinct from claims against them in their official capacity. *Vela v. Rocha*, 52 S.W.3d 398, 403 (Tex.App.-Corpus Christi 2001, pet. denied). State employees sued in their individual capacities may be liable for their negligence if they do not have official immunity. *Denson*, 63 S.W.3d at 460.

Official immunity is an affirmative defense that protects government employees from personal liability. *Vela*, 52 S.W.3d at 404. Government employees are entitled to official immunity from suit arising from (1) the performance of their discretionary duties, (2) in good faith, (3) as long as they are acting within the scope of their authority. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997). To obtain summary judgment on a claim of official immunity, the employee must conclusively prove each element of the defense. *Vela*, 52 S.W.3d at 404.

Borchers asserted the affirmative defense of official immunity in his original answer. He did not, however, make that argument in his motion for summary judgment. Rather, he limited the grounds for summary judgment to derivative immunity under section 101.106. We have already concluded that Borchers was not entitled to derivative immunity under section 101.106. We also conclude that, because Borchers did not assert a defense to claims against him in his individual capacity, summary judgment as to those claims was not proper.

We sustain the plaintiff's point of error five.

**Negligent Implementation of Policy**

In point of error three, the plaintiff argues that "the trial court erred in not finding that there was a negligent implementation of policy exception to immunity." The plaintiff specifically contends that, because the trial court prematurely terminated her right to discovery, she was unable to demonstrate that Borchers was not entitled to immunity for his discretionary acts or that immunity had been waived for applying existing jail policy in dealing with inmates with communicable diseases. Because Borchers's motion for summary judgment was based on derivative immunity under section 101.106, and not official immunity, the trial court did not make a ruling as to any claim of official immunity by Borchers.

We overrule the plaintiff's point of error three.

**Conclusion**

We reform the trial court's order granting Harris County's plea to the jurisdiction

to reflect a dismissal "without prejudice," and, as reformed, affirm the order. We reverse the trial court's order granting Borchers's motion for summary judgment and remand the case.