**AUSTIN STATE HOSPITAL,**
Petitioner,

v.

**Debbie FISKE, Individually and as next friend of Christopher Roy Rodriguez and Raymond Rodriguez, Respondent.**

No. 01–0395.

Supreme Court of Texas.

March 6, 2003.

**704**

Lisa Royce Eskow, Office of the Attorney General, Austin, John Cornyn, United States Senate, Washington, DC, Jeffrey S. Boyd, Office of the Attorney General, Julie Caruthers Parsley, Office of the Solicitor General of Texas, Howard G. Baldwin, First Assistant Attorney General of Texas, Austin, for Petitioner.

Michael Francis O'Connor, O'Connor & Associates, Bryan, Jay Harvey, Winckler & Harvey, Austin, for Respondent.

Jay Harvey, Austin, for Raymond Rodriguez.

PER CURIAM.

The sole issue in this case is whether section 321.003 of the Texas Health and Safety Code evidences the Legislature's intent to clearly and unambiguously waive the State's sovereign immunity. The Austin State Hospital, as part of the Texas Department of Mental Health and Mental Retardation, is considered a state agency and therefore entitled to assert sovereign immunity. *See* TEX. HEALTH & SAFETY CODE § 532.001(b)(2). Debbie Fiske and Raymond Rodriguez sued the Hospital, alleging that it negligently allowed Christopher Roy Rodriguez to commit suicide while in its care. The Hospital filed a plea to the jurisdiction asserting sovereign immunity. The district court denied the plea, and the Hospital appealed. The court of appeals affirmed, holding that, by incorporating section 571.003(12)(a)'s definition of "mental health facility" in section 321.001, the Legislature consented to suits against entities such as the Hospital in section 321.003. 45 S.W.3d 707, 711; *see also* TEX. HEALTH & SAFETY CODE §§ 321.003(a), (b); 571.003(12).

The Hospital petitioned this Court for review, alleging conflicts jurisdiction under section 22.225(c). TEX. GOV'T CODE § 22.225(c). The court of appeals here noted that its holding was in "direct conflict" with the holding in *Texas Department of Mental Health & Mental Retardation v. Lee*, 38 S.W.3d 862 (Tex.App.-Fort Worth 2001, pet. filed). 45 S.W.3d at 711. We agree because the court of appeals' decision in this case would operate to overrule *Lee* had they issued from the same court. *See* TEX. GOV'T CODE § 22.225(c); *Coastal Corp. v. Garza*, 979 S.W.2d 318, 319–20 (Tex.1998).

Today, in *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 2002 WL 32029019 (Tex.2003), we hold that section 321.003 of the Texas Health and Safety Code does not waive the State's sovereign immunity. Our holding in *Taylor* is dispositive here. Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment denying Central Counties' plea to the jurisdiction, and dismiss the respondents' claims for want of jurisdiction. TEX.R.APP. P. 59.1.