IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 02-1014

════════════

 

Harris County, Texas and Carl
Borchers, Petitioners

 

v.

 

Faye Sykes, Individually and
a/n/f of Trenard Battle, Respondents

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the First District of
Texas

════════════════════════════════════════════════════

 

 

Argued November
12, 2003

                                                            

 

Chief Justice Phillips delivered the
opinion of the Court, in which Justice
Hecht, Justice Owen, Justice Jefferson, Justice Smith, and Justice Wainwright joined.

 

Justice Brister filed a concurring
opinion, in which Justice O=Neill joined.

 

Justice Schneider did not participate in
the decision.

 

This
case raises two issues.  First, we
address whether an order granting a governmental unit=s
plea to the jurisdiction should be with or without prejudice when the claimant has
failed to state a claim that is cognizable under the Texas Tort Claims
Act.  Regardless of the answer, we must
then decide whether such a dismissal is a judgment for the purposes of section
101.106 of the Texas Tort Claims Act, that would bar a plaintiff from
proceeding against governmental agents for claims arising from the same subject
matter.  See Tex. Civ. Prac. & Rem. Code ' 101.106.  The court of appeals held that a dismissal
pursuant to a plea to the jurisdiction is a dismissal without prejudice, and as
such, not a judgment under the Texas Tort Claims Act.  89 S.W.3d 661, 670.  We hold that such a dismissal is with
prejudice because it fully and finally adjudicates whether the claims that were
asserted, or that could have been asserted, come within the Texas Tort Claims
Act=s waiver of sovereign immunity.  We further hold that such a dismissal is a
judgment under section 101.106 of the Texas Tort Claims Act.  Accordingly, we modify the judgment of the
court of appeals to render judgment dismissing the plaintiff=s claims with prejudice and render
judgment that the plaintiff take nothing. 

I

George
Sykes and his wife, Faye, brought this suit for injuries Mr. Sykes allegedly
sustained in the Harris County jail. 
While incarcerated there, Mr. Sykes was assigned to a bed next to an
inmate who was infected with tuberculosis. 
The Sykeses claimed that the county was
negligent in failing to quarantine the infected inmate and in failing to warn
Mr. Sykes of the inmate=s
infection.  Several months after filing
suit, Faye Sykes filed a suggestion informing the trial court of her husband=s death.  At the same time, she filed a motion, on
which the trial court apparently never ruled, requesting that Trenard Battle, Mr. Sykes=s
minor son, be added as a plaintiff and that the estate of George Sykes be
substituted in the place of her late husband. 


Asserting
governmental immunity from suit, Harris County filed a plea to the jurisdiction
arguing that the Legislature has not waived immunity from suits like the Sykes=s. 
Sykes responded that immunity was waived by the Texas Tort Claims Act
because her husband=s
injuries arose out of the condition or use of property.  Tex.
Civ. Prac. & Rem. Code '
101.021.  Specifically, Sykes argued that
the words Ahoused,@ Aroom,@ and Asleeping
space@ in their
pleadings all connote use of the tangible personal or real property that caused
Mr. Sykes=s injury
and eventual death.   

By
amended petition, Sykes added Carl Borchers, the
major of the Harris County jail, as a defendant both individually and in his
official capacity.  The trial court
subsequently granted Harris County=s
plea to the jurisdiction and dismissed Sykes=s
claims against Harris County with prejudice. 
Borchers then moved for summary judgment,
urging that the trial court=s
dismissal of Harris County entitled him to derivative immunity under section
101.106 of the Texas Tort Claims Act.  See
id. ' 101.106;
Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995).  The trial court granted Borchers=s motion and signed an order that Sykes
take nothing.

Sykes
appealed, arguing that the trial court erred in granting the plea to the
jurisdiction and dismissing her claims against Harris County because the Texas
Tort Claims Act waives immunity when a condition or use of tangible personal
property causes injury.  See Tex. Civ. Prac. & Rem. Code ' 101.021.  Sykes also argued that the trial court
further erred in granting Borchers=s motion for summary judgment because
Harris County=s
dismissal was not a judgment for purposes of section 101.106.  See id. '
101.106.  The court of appeals affirmed
the trial court=s
dismissal of Harris County, holding that Sykes=s
amended petition did not affirmatively plead facts sufficient to confer
jurisdiction on the trial court.  89
S.W.3d at 667.  But the court decided
that, in granting the plea to the jurisdiction, the trial court could only
dismiss the suit without prejudice, which did not qualify as a judgment under
section 101.106 of the Texas Tort Claims Act. 
89 S.W.3d at 668.  Accordingly,
the court of appeals reversed Carl Borchers=s summary judgment and remanded the
case to the trial court.  We granted Carl
Borchers and Harris County=s
petition for review.

II

Sovereign
immunity from suit defeats a trial court=s
subject matter jurisdiction unless the state expressly consents to suit.  Tex. Dep=t of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
Governmental immunity operates like sovereign immunity to afford similar
protection to subdivisions of the State, including counties, cities, and school
districts.  See Wichita Falls State
Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (recognizing that
sovereign immunity and governmental immunity are distinct concepts although
courts often use the terms interchangeably). 
The Texas Tort Claims Act provides a limited waiver of governmental
immunity if certain conditions are met.  See
Tex. Civ. Prac. & Rem. Code '' 101.021, 101.025.[1]

A
plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for
lack of subject matter jurisdiction.  Bland
Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  Because
governmental immunity from suit defeats a trial court=s
jurisdiction, it may be raised by such a plea. 
Tex. Dep=t
of Parks & Wildlife v. Miranda, __ S.W.3d __, __(Tex. 2004); Jones,
8 S.W.3d at 639.  Whether a court has
subject matter jurisdiction is a legal question.  State ex rel.
State Dep=t
of Highways & Pub. Transp. v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2002); Mayhew v. Town of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998).  If the trial court
denies the governmental entity=s
claim of no jurisdiction, whether it has been asserted by a plea to the
jurisdiction, a motion for summary judgment, or otherwise, the Legislature has
provided that an interlocutory appeal may be brought.  See Tex.
Civ. Prac. & Rem. Code '
51.014; San Antonio State Hosp. v. Cowan, 128 S.W.3d 244, 245 n.3 (Tex.
2004).  However, if the court grants the
plea to the jurisdiction, as the trial court did in this case, the plaintiff
may take an appeal once that judgment becomes final.  See Cash Am. Int=l Inc. v. Bennett, 35 S.W.3d 12, 15
(Tex. 2000). 

A
trial court must grant a plea to the jurisdiction, after providing an appropriate
opportunity to amend, when the pleadings do not state a cause of action upon
which the trial court has jurisdiction.  See
Bybee v. Fireman=s
Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960) (citing Lone Star Fin.
Corp. v. Davis, 77 S.W.2d 711, 715 (Tex. App.CEastland
1934, no writ)).  This was such a
case.   After Harris County filed its
plea to the jurisdiction, Sykes amended her petition to state with greater
particularity the theory that Harris County waived governmental immunity by
placing Mr. Sykes in the same room with, and assigning him a bed near, an
inmate infected with tuberculosis.  The
trial court dismissed Sykes=s
claims, and the court of appeals agreed that Aany
effect that the room=s
walls and Sykes=s bed had
on Sykes=s alleged
exposure to tuberculosis is too attenuated to constitute a waiver of immunity
under the [Texas Tort Claims Act].@  89 S.W.3d at 667 (citing Dallas County
Mental Health & Mental Retardation v. Bossley,
968 S.W.2d 339, 343 (Tex. 1998)).[2]  

The
court of appeals disagreed with the trial court, however, on whether such a
dismissal should be with or without prejudice. 
In general, a dismissal with prejudice is improper when the plaintiff is
capable of remedying the jurisdictional defect. 
See Dahl v. State, 92 S.W.3d 856, 862 (Tex. App.CHouston [14th Dist.] 2002, no pet.);
Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex. App.CCorpus
Christi 2001, pet. denied); Bell v. State Dep=t of Highways & Pub. Transp., 945 S.W.2d 292, 295 (Tex. App.CHouston [14th Dist.] 1997, writ
denied).  The court of appeals in this
case relied on Bell to hold that Sykes=s
claims should have been dismissed without prejudice.  In so doing, the court ruled contrary to a
line of decisions stating that dismissal with prejudice is appropriate when a
trial court lacks subject matter jurisdiction because of the sovereign immunity
bar.  See Martin v. Tex. Bd. of
Criminal Justice, 60 S.W.3d 226, 231 (Tex. App.CCorpus
Christi 2001, no pet.); City of Midland v. Sullivan, 33 S.W.3d 1, 6
(Tex. App.CEl Paso
2000, pet. dism=d
w.o.j.); City of Cleburne v. Trussell,
10 S.W.3d 407, 409 (Tex. App.CWaco
2000, no pet.); Univ. of Tex. Med. Branch v. Hohman,
6 S.W.3d 767, 771 (Tex. App.CHouston
[1st Dist.] 1999, pet. dism=d
w.o.j.); Hampton v. Univ. of Tex.-M.D. Anderson
Cancer Ctr., 6 S.W.3d 627, 629 (Tex. App.CHouston
[1st Dist.] 1999, no pet.); Lamar Univ. v. Doe, 971 S.W.2d 191, 197
(Tex. App.CBeaumont
1998, no pet.); Jones v. City of Stephenville, 896 S.W.2d 574, 577 (Tex.
App.CEastland
1995, no writ); Liberty Mut. Ins. Co. v. Sharp,
874 S.W.2d 736, 740 (Tex. App.CAustin
1994, writ denied).  We granted Borchers and Harris County=s
petition to resolve this conflict.

If
a plaintiff has been provided a reasonable opportunity to amend after a
governmental entity files its plea to the jurisdiction, and the plaintiff=s amended pleading still does not
allege facts that would constitute a waiver of immunity, then the trial court
should dismiss the plaintiff=s
action.  Such a dismissal is with
prejudice because a plaintiff should not be permitted to relitigate
jurisdiction once that issue has been finally determined.  Before dismissing this case, the trial court
allowed Sykes to file an amended petition, after which the court made a final
adjudication that the Legislature has not waived governmental immunity under
the Texas Tort Claims Act with respect to any claim that Sykes brought against
Harris County.  Therefore, Sykes is
foreclosed from relitigating whether the Texas Tort
Claims Act waives immunity in this case. 
Accordingly, the court below erred in reversing the dismissal with
prejudice, and we modify the court of appeals=
judgment to dismiss Sykes=s
claims against Harris County with prejudice. 

III

Next,
we address the court of appeals=
holding reversing the summary judgment granted by the trial court in favor of
Carl Borchers. 
The Texas Tort Claims Act states: AA
judgment in an action or a settlement of a claim under this chapter bars any
action involving the same subject matter by the claimant against the employee
of the governmental unit whose act or omission gave rise to the claim.@ 
Tex. Civ. Prac. & Rem. Code ' 101.106.[3]  The purpose of section 101.106 is to protect
employees of a governmental unit from liability when a judgment or settlement
has been obtained from the government employer pursuant to a claim under
Chapter 101 of the Texas Tort Claims Act. 
Thomas v. Oldham, 895 S.W.2d 352, 357 (Tex. 1995).  Section 101.106 applies not only when there
has been a judgment against a governmental entity prior to the suit against the
employee, but also when the settlement or judgment against the governmental
entity occurs at any time before or during the pendency
of the action against the employee.  Id.
at 355.  The bar applies regardless of
whether the judgment is favorable or adverse to the governmental unit.  Dallas County Mental Health & Mental
Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.
1998).  

This
Court has never addressed whether a dismissal on a plea to the jurisdiction is
a judgment for purposes of section 101.106 of the Texas Tort Claims Act.  Several courts of appeals, however, have
considered this issue.  In Brown v.
Prairie View A & M Univ.,  the
Fourteenth Court of Appeals held that dismissing Prairie View A & M
pursuant to a plea to the jurisdiction was not a judgment that triggered the
bar of the Texas Tort Claims Act.  630
S.W.2d 405, 408 (Tex. App.CHouston
[14th Dist.] 1982, writ ref=d
n.r.e.).  Since
Brown, however, that court, as well as two other courts of appeals, have
held that a dismissal pursuant to a plea to the jurisdiction is a judgment for
purposes of section 101.106 of the Texas Tort Claims Act.  Liu v. City of San Antonio, 88 S.W.3d
737, 744 (Tex. App.CSan
Antonio 2002, pet. denied); Dalehite v. Nauta,
79 S.W.3d 243, 244 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied); Doyal v.
Johnson County, 79 S.W.3d 139, 140 (Tex. App.CWaco
2002, no pet.); Lowry v. Pearce, 72 S.W.3d 752, 755 (Tex. App.CWaco 2002, pet. denied). 

Sykes
argues that a granted plea to the jurisdiction does not qualify as a judgment
because it does not dispose of the claims=
merits.   As we have already held, however,
a dismissal constitutes a final determination on the merits of the matter
actually decided.  See Ritchey v.
Vasquez, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam);
Mossler v. Shields, 818 S.W.2d 752, 754 (Tex.
1991) (per curiam). 
In this case, there is a final adjudication that the Legislature has not
waived Harris County=s
immunity on the facts of this case. 
Since the trial court properly dismissed Sykes=s
claims against Harris County with prejudice, Carl Borchers
is entitled to derivative immunity under section 101.106 of the Texas Tort
Claims Act. 

The
court of appeals erred in holding that the claims against Harris County should
be dismissed without prejudice and that such a dismissal is not a judgment
under section 101.106 of the Texas Tort Claims Act.  Accordingly, we modify the judgment of the
court of appeals and render judgment that the plaintiff=s
suit is dismissed with prejudice.  We
also reverse the portion of the court of appeals=
judgment reversing Carl Borchers=s summary judgment and render judgment
that the plaintiff take nothing.  

       

____________________________________

Thomas R.
Phillips

Chief Justice

 

Opinion delivered:      May 28, 2004

 











[1] 
The Texas Tort Claims Act states:

A governmental unit in the
state is liable for:

(1) property damage, personal injury,
and death proximately caused by the wrongful act or omission or the negligence
of an employee acting within his scope of employment if:

(A) the property damage, personal
injury, or death arises from the operation or use of a motor-driven vehicle or
motor-driven equipment; and

(B) the employee would be personally
liable to the claimant according to Texas law; and

(2) personal injury and death so
caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant
according to Texas law.  

Id. ' 101.021.





[2] Sykes did not petition this Court for
review of the court of appeals= judgment.





[3] This section was amended by Act of
June 11, 2003, 78th Leg., R.S., ch. 204 ' 11.05.  The amended section became effective on
September 1, 2003 and applies to actions filed on or after the effective date.