# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00387-CV

**Debbie Fiske, Individually and as Next Friend of Christopher Roy Rodriguez, and Raymond Rodriguez, Appellants**

**v.**

**Leanne Heller, M.D., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. 99-04307, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Fiske and Rodriguez challenge a summary judgment rendered against them based on § 101.106 of the Texas Civil Practice and Remedies Code. Prior to its amendment,[1] section 101.106 barred actions against a governmental employee when there had been a judgment

---

[1] Section 101.106 of the Texas Civil Practice and Remedies Code was amended by the 78th legislature and now provides that the filing of an action against a governmental unit bars any suit or recovery against an employee regarding the same subject matter and that the filing of a suit against an employee likewise bars a suit against the governmental unit. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a), (b) (West Supp. 2004). A suit filed naming both the governmental unit and the employee will be dismissed on the motion of the governmental unit. *Id*. § 101.106(e). The amended section 101.106, however, only applies to cases filed on or after September 1, 2003 and, therefore, the prior law governs this case. *See* Act effective September 1, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 899.

in an action against the governmental unit involving the same subject matter. Tex. Civ. Prac. & Rem. Code § 101.106 (West 1997). Appellants contend in a single issue that the trial court erred in granting summary judgment for Heller because there was no judgment in the action against the governmental unit, but rather a dismissal pursuant to a plea to the jurisdiction. We will affirm the summary judgment.

Appellants Fiske and Rodriguez are the parents of Christopher Roy Rodriguez. Christopher committed suicide by hanging himself with a bed sheet while a patient at the Austin State Hospital (ASH). Appellants brought suit against ASH alleging liability under the Texas Tort Claims Act and a violation of the Patient's Bill of Rights. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2) (West 1997); Tex. Health & Safety Code § 321.003 (West 2001). In the same action, appellants also sued ASH psychiatrist Heller for malpractice alleging that she was negligent in her treatment of Christopher. Specifically, they alleged that Heller was negligent in her initial evaluation of Christopher and in failing to place him on suicide watch upon his admission to ASH.

ASH filed a plea to the jurisdiction contending that the district court did not have subject matter jurisdiction under the Tort Claims Act because there was no negligent use of tangible property and that the Patient's Bill of Rights did not waive ASH's sovereign immunity. The district court granted the plea to the jurisdiction with regard to the Tort Claims Act claim, but denied the plea raising sovereign immunity. ASH appealed the denial of the plea to this Court and we affirmed the denial. *See Central Counties Ctr. for Mental Health and Mental Retardation Services v. Rodriguez*, 45 S.W.3d 707 (Tex. App.—Austin 2001, pet. granted), *rev'd*, 106 S.W.3d 702 (Tex. 2003), and *rev'd sub nom. Austin State Hospital v. Fiske,* 106 S.W.3d 703 (Tex. 2003). The Texas Supreme Court granted review and reversed the denial of the plea to the jurisdiction holding that the

2

Patient's Bill of Rights did not waive sovereign immunity; it thus dismissed the remaining claims against ASH. *See Austin State Hospital v. Fiske*, 106 S.W.3d 703, 704 (Tex. 2003).

After the dismissal of appellants' claims against ASH by the supreme court, Heller filed a motion for summary judgment citing section 101.106 of the Texas Civil Practice and Remedies Code's bar on actions against governmental employees where there has been a judgment in an action against the governmental unit involving the same subject matter. The district court granted the summary judgment in favor of Heller and appellants bring this appeal.

Both parties agree that the only issue before the court is a question of law: Whether section 101.106 of the Texas Civil Practice and Remedies Code bars an action against an employee of a governmental unit when an action against the governmental unit involving the same subject matter has been dismissed pursuant to a plea to the jurisdiction raising sovereign immunity. Prior to its amendment, section 101.106 stated in its entirety:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Tex. Civ. Prac. & Rem. Code § 101.106 (West 1997). Appellants contend that the dismissal of the claims against ASH was not a "judgment" under section 101.106 and therefore cannot bar their action against ASH employee Heller.

Appellants cite *Sykes v. Harris County*, 89 S.W.3d 661, 668 (Tex. App.—Houston [1st Dist.] 2002, pet. granted), *rev'd* 47 Tex. Sup. J. 618, 2004 Tex. LEXIS 476 (May 28, 2004) in support of their argument. Sykes contracted tuberculosis at the Harris County Jail and later died from related pulmonary problems. *Id*. at 664. A claim was filed against both Harris County and Carl

3

Borchers, an employee of the jail, for negligently failing to quarantine an inmate who was infected with tuberculosis and forcing Sykes to sleep next to that inmate. Harris County filed a plea to the jurisdiction claiming sovereign immunity. The trial court granted the plea and dismissed the case against Harris County. Then, Borchers filed a motion for summary judgment citing section 101.106 of the Texas Civil Practice and Remedies Code. The trial court granted summary judgment. The court of appeals, however, reversed the summary judgment holding:

> A dismissal for want of jurisdiction is not a judgment on the merits of the cause of action. *See Bell*, 945 S.W.2d at 295. Section 101.106 does not provide Borchers with immunity because there was no judgment or settlement of claims as to Harris County.

*Sykes*, 89 S.W.3d at 668. Appellants ask that we follow *Sykes* and reverse the summary judgment on the grounds that the dismissal of the claims against ASH pursuant to the plea to the jurisdiction was not a judgment and therefore section 101.106 does not bar an action against Heller. *See id.*; *Bell v. State Dep't of Highways and Pub. Transp.*, 945 S.W.2d 292, 295 (Tex. App.—Houston [1st Dist.] 1997, writ denied).[2]

The supreme court has overruled the *Sykes* opinion, thereby foreclosing appellants' contention. *See Harris County v. Sykes*, 47 Tex. Sup. J. 618, 2004 Tex. LEXIS 476 (May 28, 2004). The supreme court noted the conflicting opinions of the courts of appeals and recognized that it had never considered whether a dismissal on a plea to the jurisdiction is a "judgment that trigger[s] the

---

[2] As noted by Heller, however, other courts of appeals have reached the opposite conclusion. *See Dalehite v. Nauta*, 79 S.W.3d 243, 244 (Tex. App.—Houston[14th Dist.] 2002, pet. denied); *Liu v. City of San Antonio*, 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied); *Doyal v. Johnson County*, 79 S.W.3d 139, 140 (Tex. App.—Waco 2002, no pet.).

bar of the Texas Tort Claims Act." *Id*. at *12. The court then explicitly addressed the argument

advanced by *Sykes,* as well as appellants:

> Sykes argues that a granted plea to the jurisdiction does not qualify as a judgment because it does not dispose of the claims' merits. As we have already held, however, a dismissal constitutes a final determination on the merits of the matter actually decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612, 42 Tex. Sup. Ct. J. 357 (Tex. 1999) (per curiam); *Mossler v. Shields*, 818 S.W.2d 752, 754, 35 Tex. Sup. Ct. J. 97 (Tex. 1991) (per curiam). In this case, there is a final adjudication that the Legislature has not waived Harris County's immunity on the facts of this case. Since the trial court properly dismissed Sykes's claims against Harris County with prejudice, Carl Borchers is entitled to derivative immunity under section 101 of the Texas Tort Claims Act.

*Id*. at *13. Similarly, the trial court's dismissal of appellants' suit against ASH constituted a final

determination that the legislature had not waived ASH's immunity on the facts of the case. *See id.*

As such, the dismissal based on ASH's plea to the jurisdiction was sufficient to invoke section

101.106 of the Texas Civil Practice and Remedies Code and bar any action against Heller, an

employee of ASH. *See id*.

Finding the supreme court's recent opinion in *Harris County v. Sykes* controlling,

we deny appellant's only issue and affirm the district court's grant of summary judgment in favor

of Heller.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   June 24, 2004