Jeronenoford SCOTT and Taj
Cross, Appellants,

v.

PRAIRIE VIEW A & M UNIVERSITY,
Appellee.

No. 01–98–00847–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1999.

Lance Olinde, Jr., Houston, for appellant.

Joseph M. Dunn, Austin, for appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and PRICE.[1]

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

TIM TAFT, Justice.

This is an appeal from the trial court's judgment in which the trial court granted a plea to the jurisdiction based on sovereign immunity filed by the appellee, Prairie View A & M University (the University). In a single issue, appellants, Jeronenford Scott and Taj Cross, argue that the trial court erred in dismissing their case for want of jurisdiction. We address whether the state money used to rent a motel room or school dormitory room in which appellants were sexually propositioned or assaulted constituted use of tangible personal property or real property which caused appellants' injuries. We affirm.

### Facts

The appellants' allegations, for purposes of this appeal, are presumed to be true. *Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

In 1992, Scott and Cross were participants in a Summer Youth Program (YOU) held at the University. On July 25, 1992, Scott and other participants were taken on a field trip to Houston. The students and counselors on the field trip spent Saturday night at the Hilton Southwest in Houston. William Holmes, the assailant, was one of the counselors on this trip. After curfew, Holmes made Scott come to Holmes's room and raped Scott.

Later that same evening of July 25, Holmes drove to the University where he was observed by another counselor and campus police. Holmes entered a dormitory room and ordered a YOU participant to leave and bring Cross to the room. Holmes unsuccessfully attempted to coerce Cross to engage in sex with him. On July 29, 1992, Holmes was arrested and charged with sexual assault of a child.

### Procedural Background

Appellants brought claims against the University based on negligence and intentional infliction of emotional distress. In its plea to the jurisdiction, the University claimed appellants' petition failed to show a waiver of sovereign immunity, which would have allowed the suit to be brought under the Texas Tort Claims Act (the Act). *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1997 & Supp. 1999). The appellants filed their fourth amended petition alleging that Holmes was not an employee of the University and that "the use of tangible personal and real property occurred when the property used by the defendants was used and/or employed by the defendants, to facilitate the complained of conduct." The trial court granted the University's plea to the jurisdiction.

### Plea to the Jurisdiction

Appellants bring this appeal from the granting of a plea to the jurisdiction. Appellants argue that the use of state money to rent a hotel room or a dormitory room in which appellants were assaulted or propositioned is a use of real or personal tangible property waiving immunity from suit under the Act.

### A. Applicable law

A plea to the jurisdiction is appropriate for a governmental unit to challenge the trial court's lack of subject-matter jurisdiction based on sovereign immunity. *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex.App.— Austin 1998, no pet.). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus.*, 852 S.W.2d at 446. When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Firemen's Ins. Co. v. Board of Regents of Univ. of Tex. Sys.*, 909 S.W.2d 540, 541 (Tex. App.—Austin 1995, writ denied). Dismissing a cause of action for lack of subject-matter jurisdiction is proper only when it is impossible for the facts alleged in plaintiff's petition to confer jurisdiction on the trial court. *Liberty Mut. Ins. Co.*

*v. Sharp*, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, writ denied). The court of appeals must take the allegations as true and construe them in favor of the pleader. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Whether a trial court has subject-matter jurisdiction is a question of law and is reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

■ Under the common-law doctrine of sovereign immunity, a unit of government may not be sued without consent. *State v. Terrell*, 588 S.W.2d 784, 785 (Tex.1979); *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 592 (Tex.App.—Austin 1991, writ denied). Though few Texas courts recognize a distinction, sovereign immunity takes two basic forms. The state is *immune from suit* regardless of the state's liability. *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 405 (Tex.1997); *Dillard*, 806 S.W.2d at 592. The state also has *immunity from liability* even though the state has consented to be sued. *Federal Sign*, 951 S.W.2d at 405; *Dillard*, 806 S.W.2d at 592. *"Immunity from suit* bars a suit against the State unless the State expressly gives it consent to the suit," while *"[i]mmunity from liability* protects the State from judgments even if the Legislature has expressly given consent to the suit." *Federal Sign*, 951 S.W.2d at 405. The Act waives immunity from liability under certain circumstances and limits the dollar amount that can be recovered. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021, .023 (Vernon 1997). The Act then waives immunity from suit to the extent immunity from liability is waived under the Act. *Id.* at § 101.025. Hence, the Act waives both immunity from suit and liability.[2]

Under the Act, immunity may be waived if the claim falls within a specific area of liability and does not fall under one of the exceptions. *Medrano v. City of Pearsall*, 989 S.W.2d 141, 144 (Tex.App.—San Antonio 1999, no pet.). The Act waives sover-eign immunity in the following circumstances: (1) when an injury is caused by an employee's use of a motor-driven vehicle; or (2) when an injury is caused by a condition or use of tangible personal or real property. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). However, this waiver of immunity does not extend to an injury arising from an intentional tort or governmental discretionary conduct. TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997).

**B. Whether the wrongdoer is a state employee**

The University argues that this case could be resolved under section 101.057 of the Act because the appellants were assaulted by a counselor within the YOU program. Under section 101.057, the state does not waive immunity if the tortious conduct was the result of an intentional tort committed by a government employee. TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997); *Delaney v. University of Houston*, 835 S.W.2d 56, 59 (Tex.1992). While there is no dispute that Holmes's assaults were intentional torts that preclude any waiver of immunity, the parties dispute whether Holmes is a government employee. In their response to defendant's plea to the jurisdiction, appellants claimed Holmes was an employee of the YOU program and not a state employee. Because this Court must take the plaintiff's allegations as true and construe them in favor of the pleader, this Court will assume for purposes of this appeal that Holmes was not an employee of the government. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446.

**C. Use of state property**

■ Appellants claim to have standing under the Act because their injury was caused by a condition or use of tangible personal or real property. More specifi-

---

2. Any further mention of immunity under the Act will encompass both concepts of immunity from suit and liability.

cally, the appellants assert that their injuries were caused by (1) the money used to rent the hotel rooms where Scott was raped and (2) the dormitory room where Cross was assaulted. Appellants rely on *Waco v. Hester*, 805 S.W.2d 807 (Tex. App.—Waco 1990, writ denied), for the proposition that a room in which an assault takes place can satisfy the Act's requirement of "use of tangible personal or real property."

*Hester* involved a former inmate who sued the city and police chief under the Act after being raped by another inmate in jail. *Hester*, 805 S.W.2d at 809. In that case, the city appealed a jury verdict that found the city's negligent implementation of policies regarding the use of tangible personal or real property was the proximate cause of Mr. Hester's injuries. *Id.* at 813. The Waco Court of Appeals held that the property "used" in that case was the room in which the attack took place, the closed steel door that deterred proper surveillance, and the television set the guards were known to occasionally watch instead of surveillance monitors. *Id.* at 815. We disagree in part with this reasoning.

When real property is the proximate cause of an injury, it is usually considered under the theory of premises defect. *Laman v. Big Spring State Hosp.*, 970 S.W.2d 670, 671–72 (Tex.App.—Eastland 1998, pet. denied) (declining to follow *Waco v. Hester* while stating, "the holding in *Hester* is better supported by the court's reasoning that the television set was tangible personal property which was used."). The prison door and room where the attack transpired in *Hester* were not defective in some capacity. The same door and room were too attenuated from the actual injury to be considered the proximate cause of Hester's injury. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998).

The Texas Supreme Court has laid out a simple principle in regard to the use of property under the Act:

> Property does not cause injury if it does no more than furnish the condition that makes the injury possible.

*Id.* Courts have applied this principle consistently to demonstrate the boundaries of this requirement. When a patient was sexually assaulted after being allowed out on hospital grounds unsupervised, the State did not waive its immunity because the real claim was not the use of property but the hospital's improperly supervising the patient. *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253 (Tex.App.—San Antonio, 1999, pet. denied). The State did not waive its immunity when an unattended and sedated psychiatric patient was raped by another patient because the injuries were caused "by the failure of the Hospital's staff to supervise her as she was sedated, not by the condition or use of the property." *Laman*, 970 S.W.2d at 672. The State did not waive its immunity when a hospital left a door unlocked that allowed a patient to escape and led to his eventual death when he threw himself in front of an oncoming truck as he was about to be apprehended. *Bossley*, 968 S.W.2d at 343 ("Although [the patient's] escape through the unlocked doors was part of a sequence of events that ended in his suicide, the use and condition of the doors were too attenuated from [the patient's] death to be said to have caused it.").

Appellants' claim regarding the dormitory room and the money used to rent the hotel rooms is too attenuated from the claimed injuries to have caused them. While these tragedies occurred on property either owned or rented by the state, the property did not cause appellants' injuries. While these rooms were a part of the context and condition that made these injuries possible, such a setting, without more, cannot satisfy the requirement of proximate cause under the Act.

Numerous cases illustrate how property can be used to waive immunity under the Act. Immunity was waived by the State when a university coach ordered a player to take off a knee brace worn due to a

previous, known injury. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976). The uniform was the property that caused or directly allowed the injury to occur and brought this claim within the parameters of the Act. *Id.* The State waived immunity when state hospital physicians improperly read an electrocardiogram graph and misdiagnosed a patient resulting in his death. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 33 (Tex.1983). The tangible property in that case was the graph, and its misuse was a proximate cause of the patient's death. *Id.*

The State also waived immunity when a mental patient suffered fatal injuries after being attacked by fellow patients who used metal parts from either a wheelchair or locker to assault the victim. *Texas Dep't of Mental Health & Mental Retardation v. McClain*, 947 S.W.2d 694, 695, 698 (Tex. App—Austin 1997, pet. denied). While a third party was responsible for the attack, the State was negligent in the supervision of this property. *Id.* at 698. What distinguishes *McClain* from this case is that Mr. McClain's injuries were the proximate result of the state's negligent supervision of state property (metal rods and foot pedals) that was used on him in a fatal attack. *Id.* In this case, the property alleged to cause the injuries was the dormitory room and the money used to rent a hotel room. This money and room did not cause the appellants' injuries although they did provide the unfortunate backdrop for their assaults. According to appellants' own pleadings, the injuries sustained were the proximate result of Holmes's conduct.

Appellants further argue that the facts of this case do not fall within the exception of discretionary conduct. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.056(2) (Vernon 1997). Because we hold the State's immunity has not been waived under the Act, it is unnecessary to consider any exceptions that would preclude waiver of immunity.

After looking solely to the allegations, taking the allegations as true, and construing them in favor of the appellants, we conclude that appellants' petition does not present a claim in which immunity from liability, and therefore immunity from suit, is waived by the TTCA. Accordingly, the trial court had no subject-matter jurisdiction over the case.

We overrule appellants' sole issue.

## Conclusion

We affirm the trial court's judgment which grants the University's plea to the jurisdiction.