Opinion issued September 12, 2002













In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01162-CV






FAYE SYKES, INDIVIDUALLY, AND AS NEXT FRIEND 

OF TRENARD BATTLE, Appellant


V.


HARRIS COUNTY AND CARL BORCHERS, Appellees






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 1999-44904






O P I N I O N


 Faye Sykes, individually, and as next friend of Trenard Battle appeals the trial
court's orders granting Harris County's plea to the jurisdiction and Carl Borchers's
motion for summary judgment. We affirm, as reformed, in part and reverse and
remand, in part.

Facts

 George Sykes was incarcerated in the Harris County jail on September 3, 1997. 
In this lawsuit, Sykes alleged: (1) he was assigned a bed near another inmate, known
as "Little Black Pettit;" (2) Pettit was infected with tuberculosis; (3) Sykes was forced
to sleep next to Pettit; (4) while still in jail, Sykes was tested for tuberculosis, and the
test results showed that he had been exposed to tuberculosis; and (5) upon his release,
Sykes developed pulmonary problems for which he was hospitalized, and later died
on October 27, 1999. (1)

Procedural History

 On September 2, 1999, Sykes and his wife, Faye, filed their original petition
against Harris County that alleged it was negligent for failing to quarantine Pettit and
for forcing Sykes to sleep next to Pettit. Harris County filed a general denial, asserted
the affirmative defense of sovereign immunity, and pleaded exemptions and
exceptions from, and limitations on, liability as contained in the Texas Tort Claims 
Act (TTCA). See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). On
November 12, 1999, Faye Sykes filed a suggestion of death informing the trial court 
that her husband was deceased. (2) The original petition was amended to include Faye
Sykes, in her capacity as the representative of the Estate of George Sykes and as next
friend of Trenard Battle, their minor son. (3)

 Harris County subsequently filed a plea to the jurisdiction arguing that, because
the plaintiff's petition did not allege that Sykes's injury was caused by a condition or
use of tangible property or real property, Harris County had not waived sovereign
immunity and the trial court lacked jurisdiction over the case. The plaintiff, in her
response to the plea, argued that (1) the plea should be denied because Harris County
did not specially except to the original petition and because the trial court's deadline
to amend the pleadings had not passed, and (2) the original petition had, in fact,
raised a claim under section 101.021(2) because the words "housed," "room," and
"sleeping space" constituted a use of tangible property which caused Sykes's injuries. 
The plaintiff then filed a first amended petition, adding Borchers, an employee of the
Harris County Jail, as a defendant in his official and individual capacities and
asserting that all claims were specifically brought under the TTCA. Borchers filed
a general denial, asserted the affirmative defense of official immunity, and claimed 
exemptions, exceptions and limitations on liability as found in the TTCA.

 The trial court granted Harris County's plea to the jurisdiction. Borchers then
filed a motion for summary judgment asserting derivative immunity under section
101.106 of the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon
1997). The trial court granted Borchers's motion.

Plea to the Jurisdiction

Special Exceptions

 In point of error one, the plaintiff argues Harris County was required to file
special exceptions to the petition before filing its plea to the jurisdiction.

 A party should file special exceptions if the petition is susceptible to an
amendment that would show jurisdiction exists. Godley Indep. Sch. Dist. v. Woods, 
21 S.W.3d 656, 657 (Tex. App.--Waco 2000, pet. denied). However, if a party
believes that, the opposing party's petition cannot be amended to allege jurisdiction,
the party may file a plea to the jurisdiction. Id. (4) Harris County did not file special
exceptions to the petition before it filed its plea to the jurisdiction, but argues that it
was not required to do so because the jurisdictional defect was apparent from the face
of the pleading. However, because the plaintiff amended her pleading after the plea 
to the jurisdiction was filed and before the trial court ruled on the plea, she was not
harmed. Furthermore, we have already concluded that the trial court's order was
based on the amended petition.

 We overrule point of error one.

Tangible Real or Personal Property

 In point of error two, the plaintiff argues the trial court erred in granting Harris 
County's plea to the jurisdiction because her petition included allegations that
Sykes's injuries resulted from the use of tangible real or personal property.

 As a threshold issue, the plaintiff argues that she timely amended her petition, 
and the amendments should be considered when determining whether the order
granting the plea was proper. We agree. The record shows that, on April 28, 2000,
after Harris County filed its plea to the jurisdiction, the plaintiff amended her
pleadings. On May 4, Harris County filed its reply; and, on May 23, the trial court
granted Harris County's plea. Therefore, we will consider the amended petition in
determining whether the trial court erred in granting the plea to the jurisdiction. (5)

 A plea to the jurisdiction is appropriate whenever a governmental unit believes 
that the trial court lacks subject-matter jurisdiction. Texas Dep't of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). When deciding whether to grant a plea to the
jurisdiction, the trial court must look to the allegations in the petition. Harris County
v. Proler, 29 S.W.3d 646, 647 (Tex. App.--Houston [14th Dist.] 2000, no pet.). A
plaintiff bears the burden of alleging facts affirmatively showing that the trial court
has subject-matter jurisdiction. Texas Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). The court of appeals must take the allegations in the
petition as true and construe them in favor of the pleader. City of Houston v. Rushing,
39 S.W.3d 685, 686 (Tex. App.--Houston [1st Dist.] 2001, pet. denied). (6) Whether
a trial court has subject-matter jurisdiction is a question of law and is reviewed de
novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 To recover under the TTCA, a party must plead and prove an exception to
governmental immunity. Loyd v. Eco Res., Inc., 956 S.W.2d 110, 123 (Tex.
App.--Houston [14th Dist.] 1997, no pet.). The TTCA provides, in part, that a
governmental unit is liable for personal injury and death, so caused by a condition or 
use of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2) (Vernon 1997).

 The allegations of the amended petition include language that tracks section
101.021(2) of the TTCA and assert that sovereign immunity is waived under the
statute. For purposes of determining subject matter jurisdiction, however, the mere
pleading of a waiver of sovereign immunity does not constitute a waiver. Lamar
Univ. v. Doe, 971 S.W.2d 191, 195 (Tex. App.--Beaumont 1998, no pet.). The
plaintiff also contends that the specific allegations of negligence (7) are sufficient to
show Harris County "used" tangible property for the purposes of the TTCA. (8) The
plaintiff specifically contends that the words "housed," "room," and "sleeping space"
connote a use of tangible personal or real property which caused Sykes's injury and
eventual death. According to the plaintiff, the injuries to Sykes were caused when
Harris County "applied the inmate's room for the purpose of sleeping for George
Sykes, and used the jail cell to cause injuries to Sykes." We disagree.

 When considering the use of property under the TTCA, the Texas Supreme
Court has explained that: "Property does not cause injury if it does no more than
furnish the condition that makes the injury possible." Dallas County Mental Health
& Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998); see also Scott
v. Prairie View A & M Univ., 7 S.W.3d 717, 719-20 (Tex. App.--Houston [1st Dist.]
1999, pet. denied).

 In Bossley, the plaintiff alleged that hospital personnel left a door unlocked, a
patient escaped through the unlocked door, and the patient threw himself in front of 
an oncoming truck as he was about to be apprehended, killing himself. 968 S.W.2d
at 343. The court held that, based on these allegations, the State had not waived its
immunity. Id. The court stated that, "although [the patient's] escape through the
unlocked doors was part of a sequence of events that ended in his suicide, the use and
condition of the doors were too attenuated from [the patient's] death to be said to
have caused it." Id.

 Similarly, in Scott, the plaintiffs alleged a waiver of immunity under the TTCA
where state money was used to rent a motel room or school dormitory room in which
the plaintiffs were sexually propositioned or assaulted. 7 S.W.3d at 718. We held
that, "although they did provide the unfortunate backdrop for their assaults," the
money and room did not cause the plaintiffs' injuries, and, therefore, the petition did
not present a claim in which immunity from suit was waived. Id. at 721.

 Here, the plaintiff's amended petition alleges only that Sykes was held in the
same room as Pettit and was assigned a bed next to Pettit. We conclude that any
effect that the room's walls and Sykes's bed had on Sykes's alleged exposure to
tuberculosis is too attenuated to constituted a waiver of immunity under the TTCA. 
See Bossley, 968 S.W.2d at 343. Because the plaintiff's amended petition did not
affirmatively plead sufficient facts to confer jurisdiction on the trial court, we hold
the trial court did not err in granting Harris County's plea to the jurisdiction.

 When a plea to the jurisdiction of a court is sustained, the trial court should
dismiss the suit without prejudice. Bell v. State Dep't of Highways and Pub. Transp.,
945 S.W.2d 292, 295 (Tex. App.--Houston [1st Dist.] 1997, writ denied). 
Accordingly, we hold that the trial court erred in dismissing the plaintiff's claims with 
prejudice. The trial court's judgment is therefore reformed to remove the words "with
prejudice," and we substitute the words "without prejudice." As reformed, the order
granting Harris County's plea to the jurisdiction is affirmed.

 We overrule point of error two. 

Summary Judgment

Standard of Review

 To prevail on a Rule 166a(c) motion for summary judgment, a defendant must
establish that no material fact issue exists and that she is entitled to judgment as a
matter of law. Tex. R. Civ. P. 1661(c); Fleener v. Williams, 62 S.W.3d 284, 286
(Tex. App.--Houston [1st Dist.] 2001, no pet.). A defendant who moves for
summary judgment on the basis of an affirmative defense has the burden to prove
conclusively all the elements of the affirmative defense as a matter of law. KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999); Fleener, 62 S.W.2d at 286. In conducting our review of the summary
judgment, we take as true all evidence favorable to the nonmovant, and we make all
reasonable inferences in the nonmovant's favor. Fleener, 62 S.W.3d at 286.

Immunity

 In point of error four, the plaintiff argues that the trial court erred in granting
Borchers's motion for summary judgment. Specifically, she argues that, because the
dismissal of claims against Harris County does not constitute a "judgment" under
section 101.106 of the TTCA, Borchers is not entitled to derivative immunity under
that section. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 1997).

 Section 101.106 of the TTCA provides that: "a judgment in an action or a
settlement of a claim under the TTCA bars any action involving the same subject
matter by the claimant against the employee of the governmental unit whose act or 
omission gave rise to the claim." Tex. Civ. Prac. & Rem. Code Ann. § 101.106. 
The section bars the rendition of judgment against an employee subsequent to, or
concurrent with, a rendition of judgment as to the governmental employer. Thomas
v. Oldham, 895 S.W.2d 352, 355 (Tex. 1995). A prior judgment in an action against
the governmental employer bars continuation of an action against the employee that
has not yet proceeded to judgment. Id.

 Here, the trial court granted Harris County's plea to the jurisdiction, thereby
dismissing Harris County from the suit. The trial court then severed the plaintiff's
claims against Harris County from the remaining claims against Borchers. A
dismissal for want of jurisdiction is not a judgment on the merits of the cause of
action. See Bell, 945 S.W.2d at 295. Section 101.106 does not provide Borchers with
immunity because there was no judgment or settlement of claims as to Harris County.

 Harris County and Borchers argue that, because the plaintiff's claims against
Harris County were dismissed with prejudice, the trial court's order granting the plea
to the jurisdiction constitutes a "judgment" under section 101.106. We have
concluded that the trial court's dismissal of the plaintiff's claims with prejudice was
improper, and have reformed the order to reflect a dismissal without prejudice. 
Therefore, at the time the trial court granted Borchers's motion for summary
judgment, Borchers was not entitled to derivative immunity under section 101.106
because there was no judgment on the merits. We hold the trial court's order granting
Borchers's motion for summary judgment was improper.

 We sustain point of error four.

 In point of error five, the plaintiff argues that, (1) when the trial court granted
Borchers's summary judgment, it failed to distinguish between Borchers's individual
and official capacities, and (2) derivative immunity does not apply to claims brought
against Borchers in his individual capacity.

Suit Against Borchers in Official Capacity - Sovereign Immunity

 A plaintiff may sue a state employee in his or her official capacity, individual
capacity, or both. Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 460 (Tex. App.--Tyler
1999, pet. denied). Because a suit against a state officer in his official capacity is
equivalent to a suit against the state, employees acting in their official capacity share
their employer's sovereign immunity. Id.; see also Univ. of Tex. Med. Branch at
Galveston v. Hohman, 6 S.W.3d 767, 775 (Tex. App.--Houston [1st Dist.] 1999, pet.
dism'd w.o.j.) (holding employee sued in her official capacity was shielded by
sovereign immunity).


Suit Against Borchers in his Individual Capacity - Official Immunity

 The plaintiff also asserted claims against Borchers in his individual capacity. 
Claims against government employees in their individual capacities are separate and
distinct from claims against them in their official capacity. Vela v. Rocha, 52 S.W.3d
398, 403 (Tex. App.--Corpus Christi 2001, pet. denied). State employees sued in
their individual capacities may be liable for their negligence if they do not have
official immunity. Denson, 63 S.W.3d at 460.

 Official immunity is an affirmative defense that protects government
employees from personal liability. Vela, 52 S.W.3d at 404. Government employees
are entitled to official immunity from suit arising from (1) the performance of their
discretionary duties, (2) in good faith, (3) as long as they are acting within the scope
of their authority. See Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997). 
To obtain summary judgment on a claim of official immunity, the employee must
conclusively prove each element of the defense. Vela, 52 S.W.3d at 404.

 Borchers asserted the affirmative defense of official immunity in his original
answer. He did not, however, make that argument in his motion for summary
judgment. Rather, he limited the grounds for summary judgment to derivative
immunity under section 101.106. We have already concluded that Borchers was not
entitled to derivative immunity under section 101.106. We also conclude that,
because Borchers did not assert a defense to claims against him in his individual
capacity, summary judgment as to those claims was not proper.

 We sustain the plaintiff's point of error five.

Negligent Implementation of Policy

 In point of error three, the plaintiff argues that "the trial court erred in not
finding that there was a negligent implementation of policy exception to immunity." 
The plaintiff specifically contends that, because the trial court prematurely terminated
her right to discovery, she was unable to demonstrate that Borchers was not entitled
to immunity for his discretionary acts or that immunity had been waived for applying 
existing jail policy in dealing with inmates with communicable diseases. Because
Borchers's motion for summary judgment was based on derivative immunity under
section 101.106, and not official immunity, the trial court did not make a ruling as to
any claim of official immunity by Borchers.

 We overrule the plaintiff's point of error three.






Conclusion

 We reform the trial court's order granting Harris County's plea to the
jurisdiction to reflect a dismissal "without prejudice," and, as reformed, affirm the
order. We reverse the trial court's order granting Borchers's motion for summary
judgment and remand the case.



 Jackson B. Smith, Jr.

 Justice



Panel consists of Justices Mirabal, Taft, and Smith. (9) 


Publish. Tex. R. App. P. 47
1. ' " 
 "
2. ' 
 
3. " "
4. ' 
-- 
 
 
 
5. 
 
 
6. 
 
 
 ' 
 
 
 
 
7. " 
 
 " " 
 
" " 
 "
8. "" 
 
 -- 
9.