Opinion issued September 9, 2004











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02–01212-CV




CHARLES TERRELL MORGAN, Appellant

V.

THE CITY OF ALVIN, TEXAS Appellee




On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 16330*RM01A




O P I N I O N

          Charles Terrell Morgan, appellant, appeals an order granting summary
judgment in favor of the City of Alvin (the City), sued through its police officer, J.
Schauer in his official capacity. The trial court severed the summary judgment in
favor of the City and made it final for purposes of appeal. In three points of error,
appellant contends that the trial court erred by (1) granting the City’s summary
judgment motion because the City is not a named defendant; (2) denying appellant
an opportunity to conduct sufficient discovery, while allowing the City to “arbitrarily
enter and exit this matter”; and (3) refusing to abate the City’s summary judgment
motion. We affirm.
Background
          On March 22, 2000, Detective Jacob Schauer, a security guard for Garden Gate
Apartments and a police officer with the City of Alvin Police Department, was asked
by a member of the management of the Garden Gate Apartments to issue a trespass
warning to a registered sex offender named Johnson. Schauer drove past a
laundromat and saw appellant. Schauer followed appellant into the laundromat and
asked whether he was Johnson. When appellant said he was not, Schauer asked him
to identify himself. The parties dispute how long it took appellant to respond to
Schauer’s request, as well as whether or not appellant used profanities in his
response. However, it is undisputed that the incident ended in Schauer’s arresting
appellant for disorderly conduct and failure to identify himself to a police officer.
          Appellant alleges that, when he was slow to get out his identification, Schauer
instigated a physical confrontation, handcuffing appellant, dragging him out of the
laundromat, slamming his head against the hood of a parked car and “smashing his
person” to the gravel parking lot.
Procedural History
          Appellant sued Schauer, alleging that he sustained personal injuries due to
Schauer’s tortious conduct, including assault, negligence, and trespass to the person.
Although appellant did not name the City as a defendant in his original petition, he
amended his petition to allege that Schauer was guilty of assault, negligence, and
trespass to the person, as (1) an agent of Garden Gate, and, alternatively, (2) as an
individual, and (3) as an agent of the Alvin Police Department. (Emphasis added). 
Thereafter, the City answered, asserting that Schauer is entitled to official immunity
and that the City is entitled to governmental immunity under the Texas Tort Claims
Act (the Act). Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.051. (Vernon 2004). 
          On April 24, 2002, the City filed a combined motion for summary judgment
and alternative plea to the jurisdiction, asserting that the City is a real party in interest
for claims brought against Schauer in his official capacity, and, that it is entitled to
governmental immunity. During the hearing on the City’s summary judgment
motion, appellant argued that, although he was suing Schauer in his official capacity,
appellant was not suing the City. The City responded that, under Texas case law, a
suit against Schauer in his official capacity constitutes a suit against the City. The
trial court granted the City’s combined motion for summary judgment and alternative
plea to the jurisdiction. Additionally, the trial court denied appellant’s combined
motions for continuance and abatement. Subsequently, the City moved for severance,
and the trial court granted the motion, effectively making final the prior summary
judgment granted in the City’s favor.
Discussion
Standard of Review
          A party moving for summary judgment has the burden of proving that there is
no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex.R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex.
App.—Houston [1st Dist.] 1996, no writ). When deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true. Nixon, 690 S.W.2d. at 548-49. Every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Id. at 549. When a defendant moves for summary judgment, it must either (1)
disprove at least one element of the plaintiff's cause of action or (2) plead and
conclusively establish each essential element of its affirmative defense, thereby
defeating the plaintiff’s cause of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995); Farah, 927 S.W.2d at 670.
          When, as here, an affirmative defense like immunity is established, the burden
of raising a disputed fact issue shifts to the non-movant. Brand v. Savage, 920
S.W.2d 672, 673 (Tex. App.—Houston [1st Dist.] 1995, no writ). Therefore, we must
examine the summary judgment evidence to determine whether a fact issue exists
regarding the application of sovereign immunity. Id. Specifically, we must determine
whether appellant established that his claim fell within a waiver of immunity to which
no exception applied. See id. 
City’s Immunity for Claims against Schauer in his Official Capacity
          A plaintiff may sue a governmental employee or official in the person’s official
capacity, personal capacity, or both. See Kentucky v. Graham, 473 U.S. 159, 165, 105
S. Ct. 3099, 3105 (1985) (defining distinctions between personal- and official-capacity
action suits).


 A suit against a government official in his personal capacity seeks to
impose personal liability upon a governmental employee or official for actions taken
under color of state law. Harris County v. Walsweer, 930 S.W.2d 659, 665 (Tex.
App.—Houston [1st Dist.] 1996, writ denied) (citing Graham, 473 U.S. at 165, 105
S. Ct. at 3105). An award of damages against an official in his personal capacity can
be executed only against the official’s personal assets. Id. (citing Graham, 473 U.S.
at 165, 105 S. Ct. at 3105).



          In contrast, official-capacity suits seek to impose liability upon the governmental
entity the official represents, and any judgment in such a suit is collectible only against
the governmental entity, not against the official’s personal assets. Id. (holding that
official-capacity judgment against Harris County constable and deputies imposed
liability on Harris County, and, was “for all purposes a judgment against Harris County
and must be paid by Harris County”) (citing Graham, 473 U.S. at 165, 105 S. Ct. at
3105). In Graham, the United States Supreme Court explained that
[o]fficial-capacity suits . . . “generally represent only another way of
pleading an action against an entity of which an officer is an agent.” As
long as the governmental entity receives notice and an opportunity to
respond, an official-capacity suit is, in all respects other than name, to be
treated as a suit against the entity. It is not a suit against the official
personally, for the real party in interest is the entity. 
 
Graham, 473 U.S. at 165-66, 105 S. Ct. at 3105 (citations omitted). See also Hafer v.
Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361 (1991) (suits against state officials in 
official capacity treated as suits against the State). 
          A police officer is an agent of government. Blackwell v. Harris County, 909
S.W.2d 135, 138 (Tex. App.—Houston [14th Dist.] 1995, writ denied). All of his
power and authority is derived from the governmental entity that employs him. Id. A
suit against a police officer in his official capacity is merely another way of pleading
a suit against the governmental entity of which the officer is an agent. See Will v.
Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); Scott
v. Britton, 16 S.W.3d 173, 180 (Tex. App.—Houston [1st Dist.] 2000, no pet.); City of
Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex.App.—Houston [1st Dist.] 1995, no
writ). The suit is, therefore, the same as one brought directly against the state.


 Will,
491 U.S. at 71, 109 S. Ct. at 2312; Britton, 16 S.W.3d at 180; Kmiec, 902 S.W.2d at
122. In such a case, the governmental entity is a real party in interest. Hafer, 502 U.S.
at 25, 112 S. Ct. at 361; McCartney v. May, 50 S.W.3d 599, 606 (Tex. App.—Amarillo
2001, no pet.).


 
          Liability of City for Officer’s Tortious Acts in Official Capacity
          In his first point of error, appellant contends that the trial court erred by granting
summary judgment to the City when it was “factually unclear” whether the City was
a defendant in his original cause of action. Specifically, appellant complains that the
City was not a named defendant. 
          Although appellant did not directly name the City, he sought to impose liability
on the City for the incidents forming the basis of the underlying suit. To further this
aim, appellant amended his petition to allege that Schauer was guilty of assault,
negligence, and trespass to the person, as an agent of the Alvin Police Department. 
(Emphasis added). Moreover, in appellant’s response to Schauer’s request for
admissions, appellant admitted that he was asserting a claim against Schauer in his
official capacity as a police officer for the City.


 Based upon appellant’s own pleadings
and admissions, we conclude that appellant has asserted claims against Schauer in his
official capacity as a police officer for the City, and, thus, with respect to those claims,
that the City is a real party in interest.


 Hafer, 502 U.S. at 25, 112 S. Ct. at 361;
McCartney, 50 S.W.3d at 606. Accordingly, we turn then to the question of sovereign
immunity.
Schauer’s Official Capacity as a City Police Officer
          In the case at bar, the City is a governmental unit to which the doctrine of
governmental immunity applies. See Tex. Civ. Prac. & Rem. Code Ann. §
101.001(3)(B) (Vernon Supp. 2004). As discussed above, a police officer is an agent
of government. Blackwell, 909 S.W.2d at 139.



          In determining the status of a police officer, we analyze the capacity in which the
officer acted at the time he committed the acts for which the complaint is made. 
Cherqui v. Westheimer Street Festival Corp., 116 S.W.3d 337, 344 (Tex.
App.—Houston [14th Dist.] 2003, no pet. h.) (citing Blackwell, 909 S.W.2d at 139).
“If the officer is performing a public duty, such as the enforcement of general laws, the
officer’s private employer incurs no vicarious responsibility for that officer’s acts, even
though the employer may have directed the activities. If the officer was engaged in
protecting the employer’s property, ejecting trespassers, or enforcing rules and
regulations promulgated by the employer, however, the trier of fact decides whether the
officer was acting as a public officer or as a servant of the employer.” Mansfield v. C.F.
Bent Tree Apartment Ltd. P’ship, 37 S.W.3d 145, 150 (Tex. App.—Austin 2001, no
pet.) (deciding issue as matter of law); Blackwell, 909 S.W.2d at 139.
          If an off-duty officer observes a crime, as a matter of law, he becomes an on-duty
officer for purposes of determining whether or not a private employer is vicariously
liable for the officer’s actions. Cherqui, 116 S.W.3d at 344 (reckless driving); see also
Mansfield, 37 S.W.3d at 150 (trespassing and indecent exposure); City of Dallas v. Half
Price Books, Records, Magazines, Inc., 883 S.W.2d 374, 377 (Tex. App.—Dallas 1994,
no writ) (removing taillight lens from car and fleeing scene of crime). An officer’s
public duty may also be triggered by reasonable suspicion to detain a person for
investigation even if the officer lacks knowledge of facts justifying an arrest based on
probable cause. See Crockett v. State, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)
(“[E]ven a temporary detention . . . is not permissible unless the circumstances upon
which the officers rely objectively support a reasonable suspicion that the person
detained actually is, has been, or soon will be engaged in criminal activity.”). When
an officer enforces general laws, he acts in the course and scope of his employment as
a police officer. Cherqui, 116 S.W.3d at 344 (officer enforcing temporary no-parking
signs and ticketing cars); Blackwell, 909 S.W.2d at 140 (officer escorting motorcade
for purpose of directing traffic). 
          Here, appellant asserts that a fact issue exists as to whether, at the time of the
incident, Schauer “was serving in a ‘dual capacity’—that of a police officer for the City
of Alvin and that of a security guard for the Garden Gate Apartments.” In his
deposition testimony, appellant stated that after Schauer entered the laundromat and
asked whether “any of you all are Moses Johnson,” appellant replied that he was not
and gave Schauer his name. Appellant testified that Schauer then asked him for
identification. When he responded too slowly, appellant reported, Schauer instigated
a physical confrontation. 
          In a sworn affidavit attached to the City’s summary judgment motion, Schauer
stated that, when he saw appellant at the laundromat, he believed him to be Johnson,
the individual to whom he had been asked to issue a trespass warning. Schauer
reported that he followed appellant inside the laundromat and asked him if he were
Johnson. Schauer testified that, after appellant denied being Johnson, he asked
appellant his name in order to investigate further to verify that appellant was not, in
fact, Johnson. Schauer indicated that, after appellant refused to provide him with any
identifying information and uttered profanity, he attempted to arrest appellant. 
          City’s Governmental Immunity
1.       Assault Claim
          Generally, the State, its agencies, and subdivisions, enjoy sovereign immunity
from tort liability unless immunity has been specifically waived by the legislature. 
Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3)(A-B), 101.025 (Vernon Supp.
2004); County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002); City of Houston
v. Rushing, 7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist] 1999, pet. denied). The
Texas Tort Claims Act (the Act) creates a limited waiver of governmental immunity for
political subdivisions of the state, like the City. Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021 (Vernon 2004). In order for immunity to be waived under the Act, the claim
must arise under one of the three specific areas of liability for which immunity is
waived, and the claim must not fall under one of the exceptions from waiver. Scott v.
Prairie View A & M Univ., 7 S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 1999,
pet. denied). 
          The Act expressly waives a city’s governmental immunity in three general areas:
(1) injury caused by an employee’s use of a motor-driven vehicle within the scope of
his employment; (2) injury caused by a condition or use of tangible personal or real
property; and (3) premise defects. Tex. Civ. Prac. & Rem. Code Ann. § 101.021-.022
(Vernon Supp. 2004); Brown, 80 S.W.3d at 554. However, this waiver of immunity
does not extend to claims arising out of intentional torts. Tex. Civ. Prac. & Rem.
Code Ann. § 101.056 (Vernon Supp. 2004); Scott, 7 S.W.3d at 719. Rather, the Act
specifically excludes waiver for a claim “arising out of assault, battery, false
imprisonment, or any other intentional tort.” See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.057 (Vernon Supp. 2004). 
          In the underlying claim, appellant asserted that, after failing to identify himself
as an on-duty police officer, Schauer “harassed, manhandled, and assaulted” appellant
when he did not provide proof of identification to Schauer immediately. Additionally,
appellant asserted that Schauer assaulted appellant by using unnecessary force,
dragging appellant out of the laundromat, slamming appellant’s head against the hood
of an unmarked police car, and “smashing his person” to the gravel parking lot. 
          The elements of assault are the same in both civil and criminal cases. Forbes v.
Lanzl, 9 S.W.3d 895, 899 (Tex. App.—Austin 2000, pet. denied). A person commits
an assault by (1) intentionally, knowingly, or recklessly causing bodily injury to
another; (2) intentionally or knowingly threatening another with imminent bodily
injury; or (3) intentionally or knowingly causing physical contact with another when
the person knows or should reasonably believe that the other will regard the contact as
offensive or provocative. Tex. Penal Code Ann. § 22.01 (Vernon 2004); Forbes, 9
S.W. 3d at 900;Wal-Mart Stores, Inc. v. Odom, 929 S.W.2d 513, 522 (Tex. App.—San
Antonio 1996, pet. denied). Appellant’s allegations of assault fit squarely within
section 101.057’s exclusion of claims arising out of intentional torts. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.057; Tex. Dept. Of Pub. Safety v. Petta, 44 S.W.3d
575, 580 (Tex. 2001). Therefore, any waiver of immunity under the Tort Claims Act
is precluded, and the City has no liability for Schauer’s alleged assault of appellant. 
2.       Negligence Claim
          Appellant alleges that Schauer is guilty of negligence by initiating a physical
confrontation with appellant, breaching Schauer’s duty “to perform his official/quasi-official/extra-official functions without injuring others.” Appellant also contends that
Schauer proximately caused appellant’s physical injuries by using unnecessary force
on appellant after appellant retrieved his proof of identification too slowly.


 Thus the
conduct appellant complains of as negligence is the same conduct that forms the basis
of his assault claim against Schauer.


 See Petta, 44 S.W.3d at 580; Holland v. City of
Houston, 41 F.Supp.2d 678, 713-14 (S.D. Tex. 1999). Thus, appellant’s negligence
claim against Schauer focusing on Schauer’s initiating a physical confrontation with
appellant is in essence an intentional tort claim and does not fall within the Tort Claims
Act’s waiver of governmental immunity. See Petta, 44 S.W.3d at 580; Holland, 41
F.Supp.2d at 714.
 
3.       Trespass to the Person
          Appellant also contends that Schauer committed “trespass to the person” by
initiating a physical confrontation with appellant and “subjectively and tortuously
defining the parameters for [appellant] to answer [Schauer’s] interrogatories.” 
Appellant defines “trespass to the person” as an unlawful act committed with violence,
actual or implied, causing injury to the person, property, or relative rights of another.” 
He contends that the Tort Claims Act waives the City’s immunity for such acts. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.021. The conduct appellant complains of
in his “trespass to the person” claim is the same conduct that forms the basis of his
assault claim, namely, Schauer’s arrest of appellant and Schauer’s use of force against
appellant. Therefore, we construe appellant’s “trespass to the person” allegations to
be part and parcel of appellant’s assault claim. See Fisher v. Carrousel Motor Hotel,
Inc., 424 S.W.2d 627, 629 (Tex. 1967). 
4.       Schauer’s Capacity
          The parties dispute whether Schauer acted in his official capacity or as an
employee of the Garden Gate Apartments at the time of the incident. Appellant, in fact,
alleges both, in the alternative: primarily, that he acted unofficially on behalf of Garden
Gate Apartments, but, alternatively, that, if he acted as a police official, then he did so
in bad faith. Regardless of Schauer’s employment status at the time of the incident,
appellant’s pleadings cannot allege a separate claim against the City. If Schauer acted
within the course and scope of his employment of the City, then, as discussed above,
the City has sovereign immunity for appellant’s claims, and the law provides no
waiver of that immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021-.022
(Vernon Supp. 2004). In such a circumstance, whether Schauer has official immunity
depends largely upon whether he acted in bad faith, an issue left pending in the trial
court and not part of this appeal. See Ballantyne v. Champion Builders, Inc., No. 10-0260-CV, 2004 WL 1533950, at *7 (Tex. July 9, 2004) (Public officials are entitled to
official immunity from liability in performing (1) discretionary duties (2) in good faith
(3) within the scope of their authority.) If Schauer did not act within the course and
scope of his employment with the City, then, as a matter of law, the City is not
vicariously liable for his acts, appellant cannot allege a claim against the City, and
Schauer cannot claim official immunity. See id. In either instance, whether Schauer
acted within the course and scope of his employment with the City or not, appellant has
no claim against the City. The trial court, therefore, properly granted summary
judgment to the City. Schauer’s employment status at the time of the incident remains
an issue for determination in the case against Schauer in the trial court.
          We conclude that the City’s governmental immunity is not waived for appellant’s
assault, negligence, and trespass to the person claims, and that, accordingly, the City
is entitled to summary judgment on those claims.


 
          We hold that the trial court did not err in granting summary judgment to the City
on appellant’s assault and negligence claims for acts committed by Schauer in his
official capacity. 
Continuance
          In his second point of error, appellant contends that the trial court erred by
granting summary judgment to the City because appellant was denied an opportunity
to conduct sufficient discovery. Specifically, appellant contends that it was—and still
is—“factually unclear” just what Schauer’s “role” or capacity was at the time of the
incidents that constitute the basis of the underlying claim, and that, consequently,
neither official immunity nor sovereign immunity “can attach until such a finding is
rendered.” Appellant further contends that the trial court erred by allowing the City “to
arbitrarily enter and exit this matter” before appellant had adequate time to conduct
discovery with respect to the issue of whether or not Schauer was entitled to official
immunity.
          We construe appellant’s point of error to be a complaint that the trial court
denied appellant’s motion for continuance. The motion was not supported by an
affidavit. Rule 251 provides that a continuance shall not be granted “except for
sufficient cause supported by affidavit, or by consent of the parties, or by operation of
law.” Tex. R. Civ. P. 251. General allegations in the motion are not sufficient; the
motion or the affidavit must state specific reasons for the request. See Blake v. Lewis,
886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ). Granting or
denying a motion for continuance is within the sound discretion of the trial court. Id. 
If a motion for continuance is not verified or supported by affidavit, the appellate court
will presume that the trial court did not abuse its discretion in denying the motion. 
Southwest Country Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d 490, 493 (Tex.
App.—Fort Worth 1999, pet. denied). 
          In this case, appellant did not support his motion for continuance with an
affidavit. Therefore, we presume that the trial court did not abuse its discretion in
denying the motion. Accordingly, we overrule appellant’s second point of error. 
Abatement
          In his third point of error, appellant contends that the trial court erred by refusing
to grant appellant’s motion to abate the City’s summary judgment. In the underlying
action, appellant filed a “motion to abate” wherein he requested that the trial court:
abate all rulings regarding sovereign immunity/Plea to the Jurisdiction
issues regarding the City of Alvin until the fact issue regarding the
capacity in which Defendant Schauer acted on March 22, 2000 can be
determined by the trier of fact. The City of Alvin retains the right to a
plea to the jurisdiction, even after judgment. [citation omitted]. Hence,
the City of Alvin is not prejudiced by such an order by this Court.
 
Under these circumstances, however, a motion to abate is not a proper procedural tool. 
A motion to abate is used to challenge the plaintiff'’s pleadings by alleging facts
outside the pleadings that prove the suit cannot go forward in its present condition. 
Tex. Highway Dept. v. Jarrell, 418 S.W.2d 486, 488 (Tex. 1967); Truong v. City of
Houston, 99 S.W.3d 204, 216 (Tex. App.—Houston [1st Dist.] 2002, no pet.). In the
motion to abate, the defendant must (1) identify any impediment to the continuation of
the suit, (2) identify an effective cure, and (3) ask the court to abate the suit until the
defect is corrected. Truong, 99 S.W.3d at 216. In this case, the existence of a “fact
issue” regarding Schauer’s capacity at the time of the underlying incident is not an
impediment to the continuation of the suit since the City is immune as a matter of law
from liability for all claims asserted against Schauer in his official capacity, and the suit
continues below on any claims against Schauer in his individual capacity or against
Garden Gate Apartments. Therefore, we hold that the trial court did not err in denying
appellant’s “motion to abate.” Accordingly, we overrule appellant’s third point of
error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.