NO. 07-05-0377-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 15, 2006
_____

MARILYN FRYMAN,

Appellant

v.

WILBARGER GENERAL HOSPITAL,

Appellee
_____

FROM THE 46 DISTRICT COURT OF WILBARGER COUNTY;

NO. 23,807; HON. TOM NEELY, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J. and HANCOCK and PIRTLE, JJ.

Marilyn Fryman (Fryman) appeals from an order dismissing, with prejudice, her suit against Wilbarger General Hospital (the Hospital) due to want of jurisdiction. She sued the Hospital for injuries arising from an assault occurring on its premises. Her contentions were founded upon claims of negligence and premises liability. Specifically, she believed that the Hospital was liable to her because it failed to undertake adequate security and safety precautions, monitor security cameras, or provide security personnel sufficient to

thwart attacks committed by third parties on Hospital grounds. The Hospital moved to dismiss contending that Fryman's allegations did not pierce the immunity granted it under the Texas Tort Claims Act. The trial court agreed, granted the motion, and dismissed the suit. On appeal, Fryman asserts that the trial court erred in so acting. We disagree, modify the order, and affirm it as modified.

No one disputes that the Hospital is a governmental entity generally entitled to immunity. Rather, Fryman posits that her allegations satisfied the requirements of the Tort Claims Act and, therefore, permit her to sue the Hospital.

According to the act in question, governmental entities, such as the Hospital here, may be held liable for personal injury in two ways. One involves injury 1) caused by an employee acting within the scope of his employment and 2) arising from the operation or use of a motor vehicle or motor driven equipment. TEX. CIV. PRAC. & REM. CODE ANN. §101.021(1) (Vernon 2005). The second involves injury caused by a condition or use of tangible personal or real property if the governmental unit would, as a private person, be liable to the claimant. *Id.* §101.021(2). To the extent that Fryman says nothing about being injured by a motor vehicle or motor driven equipment, §101.021(1) is inapposite. Thus, we are left with assessing whether her claims fall within the scope of §101.021(2).

With regard to §101.021(2), we note that the injury must be caused by a condition or use of personalty or realty. Here, the injuries suffered were not caused by either. Rather, the record illustrates that they arose from an assault committed by a third party who happened to be on the grounds of the Hospital. The Hospital's grounds were simply the backdrop for or location of the assault; neither the pleadings nor record show that they caused the assault. And, because they simply provided the backdrop or location, their

2

tangential involvement does and did not result in the loss of immunity via §101.021(2). *Scott v. Prairie View A & M University*, 7 S.W.3d 717, 721 (Tex. App.–Houston [1st Dist.] 1999, pet. denied); *accord Renteria v. Housing Authority of El Paso*, 96 S.W.3d 454, 458-59 (Tex. App.–El Paso 2002, pet. denied) (concluding that the Housing Authority's immunity was not pierced though the assault occurred on the Authority's premises since the realty itself did not cause the injuries); *see also Dimas v. Texas State University System,* 201 S.W.3d 260, 267 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (holding that because the actions of the attacker caused the victim's injuries as opposed to any realty whereon the attack occurred, the governmental entity's immunity was not lost).

Nor do Fryman's allegations that the Hospital failed to monitor security cameras or provide additional security measures fare any better. These contentions evince a scenario wherein something other than the "use" of tangible government property caused the injury. As mandated by statute, the injury must arise from the "use" of personalty or realty. TEX. CIV. PRAC. & REM. CODE ANN. §101.021(2) (Vernon 2005). So, because "use" means to put or bring into action or service or employ for or apply to a given purpose, *Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001), it must appear that in someone putting the cameras or other security devices into action or in actually employing them for a given purpose, Fryman suffered injury. But, that is not what was alleged here. Rather, Fryman complains of the *failure* to use personalty that may or may not have been available. And, because she complains about the failure to use or, in effect, the non-use of property, her contentions again fall short of satisfying the elements of §101.021(2). *See Bonham v. Texas Dep't of Crim. Justice,* 101 S.W.3d 153, 160 (Tex. App.–Austin 2003, no

3

pet.) (stating that any lack of surveillance equipment in the men's restroom of a correctional facility which was the location of a sexual assault involved the non-use of property and, therefore, was not actionable under §101.021(2)).

Accordingly, the trial court did not err in ordering the dismissal of Fryman's suit. *See Texas Dep't of Crim. Justice v. Miller*, *supra* (dismissing the suit for want of subject matter jurisdiction since Miller failed to bring his allegations within the scope of the Tort Claims Act). However, the record does not reflect that appellant was afforded the opportunity to amend her pleadings so as to allege a claim within the scope of the Tort Claims Act. Moreover, she posits in her brief, that "with an amendment of pleadings, the facts support a finding that there was a waiver of sovereign immunity . . . ." Under these circumstances, we modify the order and redact from it the language dictating that the dismissal was with prejudice. And, as modified, the order is affirmed. *Harris County v. Sykes*, 136 S.W.3d 635, 639-40 (Tex. 2004) (holding that the trial court may dismiss with prejudice when reasonable opportunity to amend the pleadings to assert a claim within the trial court's jurisdiction has been afforded the complainant).


Brian Quinn
Chief Justice

4