AFFIRM; Opinion issued May 15, 2008



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-07-00458-CR
No. 05-07-00459-CR

### WILFORD MARKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F06-65872-TM & F06-65873-SM

## OPINION

Before Justices Morris, Whittington, and O'Neill
Opinion By Justice Whittington

Wilford Marks appeals his convictions for possession with intent to deliver one gram or more but less than four grams of heroin and unlawful possession of a firearm by a felon. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(2), 481.112(a), (c) (Vernon 2003 & Supp. 2007); TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon Supp. 2007). After the jury found appellant guilty, the trial judge assessed punishment at twenty years' confinement in each case. In four points of error, appellant claims the trial judge abused his discretion in determining appellant's consent to search was voluntary and he was not illegally detained, and that as a result, the heroin and gun should have been excluded. We affirm the trial court's judgment.

We review a trial judge's ruling on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We do not engage in our own factual review; rather, the trial judge is the sole trier of fact and judge of the witnesses' credibility and the weight to be given to their testimony. *St. George*, 237 S.W.3d at 725; *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Trial judges are given almost complete deference in determining historical facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review the record to determine whether the trial judge's ruling is supported by the record and correct under some theory of law applicable to the case. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

In the case before us, the trial judge did not make explicit findings of fact. Under these circumstances, we view the evidence in the light most favorable to the trial judge's rulings and assume the trial judge made implicit findings of fact supported by the record. *St. George*, 237 S.W.3d at 725; *Ford*, 158 S.W.3d at 493.

Appellant first argues the trial judge abused his discretion in determining appellant voluntarily consented to the search of the house. "A warrantless police entry into a person's home is presumptively unreasonable unless it falls within the scope of one of a few well-delineated exceptions." *Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). One such exception is a consensual entry. *Id.* Whether consent is voluntary turns on questions of fact and is determined from the totality of the circumstances. *Id.*; *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006). Thus, we review a finding of voluntary consent under an abuse of discretion standard with the "operative inquiry" being whether the evidence presented at the suppression hearing fairly supports the trial judge's finding of voluntary consent by clear and convincing evidence. *Johnson*, 226 S.W.3d at 443; *Gutierrez v. State*, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007).

During the hearing on the issue of consent, Sergeant Morgan testified he was one of the officers who went to the house on Meadows Street to perform a "knock and talk." According to Sergeant Morgan, appellant answered the door and, in response to the officers' questions, said the house was his house and he lived there. When the officers asked if they could search the house, appellant verbally consented. Officer Burnside then gave appellant a written consent form. Sergeant Morgan said he did not read the consent form to appellant and he did not believe Officer Burnside did so but appellant appeared to have read it. When Sergeant Morgan asked appellant if he understood the form, appellant said he did and signed it. Appellant did not express any difficulty in reading the form nor did he indicate he had a reading disability. According to Sergeant Morgan, appellant was not coerced or threatened in any way. In fact, he described appellant as "real calm," "cooperative, " and "pleasant to deal with." Sergeant Morgan identified the consent form signed by appellant. It read

> I, ___ Marks, Wilford ___, having been informed by _D. Burnside_ 8031, a Police Officer of the Dallas Police Department, City of Dallas, Texas, of my Constitutional right not to have a search made, exemplars taken, or evidence seized from me without a search warrant, and having been told of my right to refuse such a search and seizure, hereby authorizes the above-named officer(s) to ... conduct a complete search of my residence (or business) located at _3724 Meadow St_

Officer Burnside testified he and his partner, Noe Camacho, were part of Operation Disruption in May 2006. They responded to a complaint about the house at 3724 Meadows Street and met Sergeant Morgan and two other officers there. Officer Burnside approached the door and, looking through a window, saw a "black female ... sticking a syringe into her arm." He knocked on the door and after several minutes, appellant answered. Officer Burnside explained why the officers were there and asked if he could step inside. When he asked appellant if he lived at the

house, appellant said, "Yes, I own the home." He then asked if there were other people in the house and, upon hearing there were, informed appellant they would do a "sweep" for officer safety and bring all the people outside. After the other people had left the house, Officer Burnside asked appellant if the officers could search the house. Appellant said yes. Officer Burnside got a written consent form, gave it to appellant, read it to appellant, had appellant read it, and watched appellant sign it. According to Officer Burnside, appellant had "no problems" signing it. Officer Burnside testified he and Officer Gomez also signed the consent form as witnesses. Thereafter, the officers searched the house based on appellant's consent. Officer Burnside testified that, if appellant had not signed the consent form, the officers "would not have done the search." There were no other witnesses or evidence introduced at the hearing.

Following this testimony, the trial judge found appellant voluntarily consented to the search. Although appellant now assigns this ruling as error, we cannot agree. The record shows two officers present at the "knock and talk" each testified appellant stated the house was his home and gave his oral and written consent to search. The record also shows appellant was not coerced or threatened. Considering all the facts before us and giving proper deference to the trial judge's credibility determinations, we cannot say the trial judge abused his discretion in determining the State proved by clear and convincing evidence that appellant's consent was voluntary. *See Harrison*, 205 S.W.3d at 554. We overrule appellant's first point of error.

Appellant also complains the trial judge abused his discretion when he concluded appellant was not illegally detained and that his rights under *Miranda*[1] were not violated. In his brief on appeal, appellant argues the officers should have advised him of his *Miranda* rights when they

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

detained him at the house and before he gave consent to search. He claims his consent was involuntary because he was not informed that he could refuse to consent to the search.

We are unaware of any authority, and appellant fails to point us to any, that *requires* the police to inform a suspect of his *Miranda* rights before obtaining a consent to search. *See Rayford v. State*, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003). While the failure to inform a suspect of his *Miranda* rights, particularly that evidence found can be used against him, may be a factor to consider when reviewing whether consent to search was voluntary, it does not automatically render his consent involuntary. *Rayford*, 125 S.W.3d at 528 (citing *Johnson v. State*, 68 S.W.3d 644, 653 (Tex. Crim. App. 2002)). And, as the record shows, the written consent form signed by appellant informed him he had a "right not to have a search made."

Nevertheless, we reject appellant's argument for other reasons. At trial, appellant did not raise the issue of the officers' failure to give his *Miranda* warnings during the hearing on consent. Rather, he raised it during trial when addressing whether the State could admit two statements appellant made to Officer Gomez *after* appellant had consented to the search and while his house was being searched. Thus, appellant's complaint on appeal does not comport with his objection below, and this issue is waived. *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (appellant failed to preserve complaint for review when issue on appeal does not comport with trial objection); *Turner v. State*, 87 S.W.3d 111, 117 (Tex. Crim. App. 2002) (same); *Wilson v. State*, 71 S.W.3d 346, 350 (Tex. Crim. App. 2002) (same).

Regarding the two statements appellant made to Officer Gomez, appellant argued at trial they were inadmissible because he had not been given his *Miranda* rights. The trial judge removed the jury from the courtroom and held a hearing on the admissibility of the statements. At the conclusion of the hearing, the trial judge deferred ruling on appellant's objection. Nevertheless, the State did

–5–

not offer the objected-to statements during trial. Because the statements were not offered, we cannot conclude the trial judge erred. We overrule appellant's fourth point of error. In light of our disposition of points one and four, we need not address appellant's second and third points.

We affirm the trial court's judgment.

MARK WHITTINGTON
JUSTICE

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILFORD MARKS, Appellant

No. 05-07-00458-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F06-65872-TM).
Opinion delivered by Justice Whittington,
Justices Morris and O'Neill also
participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered May 15, 2008.

MARK WHITTINGTON
JUSTICE